## 1812.  AUSTIN *v.* THE STATE.

1. The phrases, "to a moral and reasonable certainty" and "beyond a reasonable doubt," as applied to the quality of proof in a case, are identical in meaning.
2. The defendant was fairly tried and legally convicted, and none of the exceptions taken in the record are meritorious.

Indictment for assault with intent to murder, from Muscogee superior court—Judge Gilbert.  March 22, 1909.

Submitted May 4,—Decided May 18, 1909.

*Love & Fort, W. A. Little,* for plaintiff in error.

*George C. Palmer, solicitor-general,* contra.

POWELL, J.  Carrie Austin was convicted of assault with intent to murder, and to the overruling of her motion for a new trial brings error.  The judge, among other things, charged the jury as follows:  "Mathematical certainty can not be attained in legal investigations.  All that the law requires is moral and reasonable certainty.  Whenever you have arrived at that amount of mental conviction, you have then arrived at that stage where you believe that the defendant is guilty beyond a reasonable doubt."  It should be stated in this connection that the judge also charged the jury that the evidence must be such as to show the defendant's guilt beyond a reasonable doubt, before they would be authorized to convict her.  Indeed, this general statement, that the proof must be such as to show the defendant's guilt beyond a reasonable doubt before a conviction would be authorized, appears in several places in the charge.  The contention of the defendant's counsel is that there is a difference between proof of guilt to a moral and reasonable certainty and proof of guilt beyond a reasonable doubt.  Neither in common parlance nor in legal vernacular is there any difference between the two expressions.  The very definitions of the words show this.  Certainty is the quality of being established beyond doubt.  Reasonable certainty is, therefore, the quality of being established beyond a reasonable doubt.  Moral certainty is defined by the Century Dictionary as "a probability sufficiently certain to justify action upon it; as, there is a moral certainty that the sun will rise to-morrow."  Therefore reasonable and moral certainty may be said to be that degree of probability which exists with such strength as to justify human action upon it.  Whatever

exists to a moral and reasonable certainty, of necessity, exists beyond a reasonable doubt. The majority opinion of the Supreme Court in the case of *Bone* v. *State*, 102 *Ga.* 390 (30 S. E. 845), is in accord with what is ruled herein. See also *Warren* v. *Gay*, 123 *Ga.* 245 (51 S. E. 302) ; *Cole* v. *State*, 125 *Ga.* 276 (53 S. E. 958).

Another ground of the motion raises the point that the court erred in charging the jury as follows: "It is not necessary to define the words 'reasonable doubt,' because they define themselves. They are not the equivalents of any and all doubt. The doubt which serves to acquit should be a reasonable doubt, a doubt entertained by reasonable men thinking about the case in a reasonable way." The objection asserted against this charge is that it defines what a reasonable doubt "is not." An examination of the excerpt shows that it not only tells the jury what a reasonable doubt is not, but also what it is.

2. The other grounds of the motion object to the admission in evidence of certain physical facts and circumstances tending to corroborate the prosecutor's statement as to how the assault was made upon him. The objections are utterly without foundation or merit. Indeed, we find from an examination of the record that the defendant was fairly tried and legally convicted.

*Judgment affirmed.*