## 13717. BIVINS *v.* THE STATE.

BLOODWORTH, J. 1. The court did not err in charging the jury that the accused "goes into his trial with the presumption of innocence in his favor. The burden is upon the State to show his guilt and to show it beyond any reasonable doubt, or to a moral and reasonable certainty, which means the same thing." *Austin* v. *State*, 6 *Ga. App.* 211 (1) (64 S. E. 670); *Thomas* v. *State*, 19 *Ga. App.* 105 (4-a) (91 S. E. 247).

2. The court charged the jury as follows: (*a*) "The charge in this case is robbery by snatching. Now if it appears in this case beyond any reasonable doubt that this defendant did wrongfully, fraudulently, and feloniously suddenly snatch, take, and carry away from the person of Henry Balkcom the money alleged in the indictment, on the date set out in the indictment or at any other time within four years prior to the finding of the indictment, and that appears beyond a reasonable doubt, then the case is made out." (*b*) "The question in this case is whether or not the jury is satisfied beyond any reasonable doubt that this defendant, without the consent of the owner, suddenly and forcibly snatched the money alleged in the indictment to be taken, without the consent of the owner, and went off with it, and whether that appears beyond any reasonable doubt. If you think that appears beyond any reasonable doubt, you would be authorized to find him guilty." For no reason assigned are the foregoing instructions to the jury erroneous; nor are they erroneous when read in connection with the entire charge. Penal Code (1910), § 148; *Williams* v. *State*, 9 *Ga. App.* 170 (1) (70 S. E. 890); *Pride* v. *State*, 125 *Ga.* 748 (54 S. E. 686).

3. "It furnished no ground for reversal that the presiding judge failed to charge the jury that they were judges of the law and facts." *Jones* v. *State*, 136 *Ga.* 157 (2) (71 S. E. 6).

4. The evidence was conflicting; the jury, the final arbiters of the facts, found in favor of the State; the judge of the superior court approved their finding, and this court has no power to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 25, 1922.

Indictment for robbery; from Bibb superior court — Judge Mathews. May 25, 1922.

*John R. Cooper, W. O. Cooper Jr., Henry Gordon,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.