### 37633. CLEMENTS et al. v. CLEMENTS.

HILL, Presiding Justice.

This case involves the validity of a will. Several times before his death the testator stated that he wanted his property to go to his wife for life, then at her death to his two sons. His last will and the one preceding it left everything to his wife if she survived him, and to his sons if she did not. The sons filed caveats to the probate of the last will. The jury found against them and the sons appeal.

Testator died May 6, 1978, after a prolonged battle with cancer. On April 5, 1978, while hospitalized in Atlanta, the testator executed a will prepared by attorney Gaff. It is a one page, three paragraph will. Paragraph I provided "I give, bequeath and devise all of my property, both real and personal, wherever situated, to my wife, EXIE LEE CLEMENTS, to be hers absolutely." Paragraph II provided "If my said wife shall not survive me, then and in that event, I give, bequeath and devise all my said property to my sons, RALPH L. CLEMENTS and VERNON ALLAN CLEMENTS, in equal shares." Paragraph III named testator's wife as executrix and specified her powers.

After being moved to a hospital in Telfair County, testator executed another and more complete will on April 19, 1978, this one prepared by attorney Wilkes. After declaring all furniture, silverware, etc., to be his wife's and providing that any such items as he might acquire in the future, plus personal effects and any automobile, would go to his wife, testator devised the rest, residue and remainder of his property, real, personal or mixed, as follows: "(a) Outright to my wife, EXIE LEE CLEMENTS, if she survives me, to be hers absolutely and in fee simple forever. (b) If my wife, EXIE LEE CLEMENTS, should predecease me, then, and only in that event, I give, devise and bequeath all property owned by me at the date of my death to my sons, RALPH L. CLEMENTS and VERNON ALLAN CLEMENTS, equally, share and share alike."

The sons filed caveats based upon mistake, misrepresentation or

fraud. Although they argue that he was under medication, they did not contest testator's capacity to make a will.

Two friends of the testator witnessed his will in Telfair County. One read the will to him and asked if he understood it or wanted it read again. Testator answered that he did not want it read again. The other asked testator "is this what you want" and was told that it was. One witness testified that he had heard testator say in the hospital in Atlanta that he wanted everything left to his "wife 'til her death" and at her death he wanted it equally divided between his sons. The other said that testator said he was making this will to his wife so she could have something to live on in case her health grew bad but "what's left, I want it equally divided between my two boys."

In opening statement attorney Wilkes stated that he drew the Telfair will from the Atlanta will, repeating the plan of disposition in the Atlanta will, and that testator's wife brought the Atlanta will to him and one of the subscribing witnesses took the redrafted will to the testator. These latter facts were confirmed by the testator's wife and the witness.

Testator's wife testified concerning the Atlanta will that "We got a lawyer and he told the lawyer what he wanted in the will."

1. Caveators complain that the trial court erred in overruling the ground of the motion for new trial based on newly discovered evidence. The alleged newly discovered evidence was an affidavit from attorney Gaff that he prepared the Atlanta will at the request of testator's wife based on specific instructions given him by her.

In an accompanying affidavit, caveator says that he knew before trial that Gaff would say he prepared the will based on instructions from testator's wife rather than from testator, but that the attorney representing him at that time would not contact Mr. Gaff.

Movant has affirmatively shown that the new evidence was known to him before trial and has failed to show, other than by displeasure with his then attorney, why the attorney's affidavit was not acquired sooner. *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971); *Henderson v. MARTA,* 141 Ga. App. 509, 510 (233 SE2d 817) (1977). The trial court did not err in overruling the motion for new trial based on newly discovered evidence.

2. Caveators objected to the trial court's charge to the jury that "Parol evidence is not admissible to show that the testator meant one thing when he said another. If the terms of the Will when legally construed are plain and unambiguous, parol evidence cannot be received for the purpose of showing an intention contrary to that, which the language when properly construed necessitated."

The charge given is a statement of the parol evidence rule as applied to wills. See Code §§ 113-806, 113-807. It governs the

admissibility of evidence in a will construction case, not the jury's consideration of evidence in a will validity case. As the court charged the jury at another point, "Declarations of a testator freely and voluntarily made prior to the execution of his Will manifesting a long continued purpose to dispose of his property in a particular manner would be admissible on the issue as to whether undue influences had been exercised or not."

"A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial." *Tietjen v. Meldrim,* 169 Ga. 678 (2c) (151 SE 349) (1929); *Moreland v. Word,* 209 Ga. 463, 466 (7a) (74 SE2d 82) (1953). This charge to the jury contained two distinct and conflicting propositions as to whether the jury should consider or not consider the declarations of the testator which were contrary to the plain terms of the will. The cited cases require the grant of a new trial.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only.*

DECIDED JULY 7, 1981.

*Moore, Samford & Moore, Frank P. Samford III,* for appellants.
*Wilkes & Smith, E. M. Wilkes, Ken W. Smith,* for appellee.