## S94A0869. VICTORINE v. THE STATE.
### (449 SE2d 91)

BENHAM, Presiding Justice.

This appeal is from appellant's convictions of felony murder, aggravated assault, and possession of a firearm during the commission of a crime.[1] The evidence presented at trial authorized the jury to find that a verbal altercation occurred between Michael, the murder victim, who was behind the wheel of a car, and appellant's cousin, who had been a passenger in another car; that Michael and his companions left the site of the altercation, but returned later; that after they returned, the other car stopped nearby; that three men, one of whom was appellant, got out of the other car armed with handguns, walked toward Michael's car and began firing their weapons toward the car; that Skeete, the victim of the aggravated assault of which appellant was convicted, exited the car when the shooting started and lay on the ground; that Michael was shot eight times, the last five shots being fired into his back as he lay on the pavement after being hit by the first three shots; and that Michael died of the gunshot wounds.

1. Although appellant did not raise on appeal the sufficiency of the evidence, our review of the record reveals that the evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, aggravated assault, and possession of a firearm during commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Adams v. State*, 264 Ga. 71 (2) (440 SE2d 639) (1994); *Joachim v. State*, 263 Ga. 816 (1) (440 SE2d 15) (1994).

2. In the first enumeration of error, appellant contends that the trial court's charge on intent was fatally defective in that it did not tell the jury that an inference of intent can be rebutted. The charge given by the trial court in this case was framed in terms of permissible inferences, not presumptions, and the charge was in accord with

---

[1] The incident giving rise to the charges in this case occurred on June 24, 1991. In an indictment returned on August 23, 1991, appellant was charged with malice murder, felony murder, aggravated assault (three counts), and possession of a firearm during commission of a crime. Two of the aggravated assault charges were severed and eventually nol prossed, but a trial held on February 24-27, 1992, resulted in appellant's acquittal of malice murder and conviction of felony murder, aggravated assault, and possession of a firearm during commission of a felony. Trial counsel filed a motion for new trial on March 6, 1992, and appellate counsel entered the case and asserted new grounds for new trial in a pleading filed on April 14, 1992. An order denying appellant a new trial was entered November 9, 1992, nunc pro tunc to October 12, 1993. Appellant's notice of appeal was filed on October 22, 1993, pursuant to which the appeal was docketed December 16, 1993, in the Court of Appeals, which transferred the appeal to this court by means of an order dated March 4, 1994. The appeal was docketed in this court on March 14, 1994, and was submitted following oral argument on May 9, 1994.

this court's holding in *Thompson v. State*, 257 Ga. 481 (361 SE2d 154) (1987).

3. In the course of attempting to clarify a charge to the jury, the trial court commented that although appellant was claiming he was not present when the homicide occurred, "I don't think anyone is denying that a crime, a murder, occurred." Appellant's contention that the trial court's remark constituted an impermissible comment regarding what had been proved is without merit. Where, as here, a defendant contends that he did not participate in a crime, but there is no assertion that the crime did not occur, a trial court's assumption that a crime has occurred does not violate the prohibition in OCGA § 9-10-7 against an expression of opinion by the trial court. *Pruitt v. State*, 36 Ga. App. 736, 737 (138 SE 251) (1927).

4. During its deliberation, the jury asked for clarification of parts of the charge of the court, including the definition of felony murder. In the course of framing the recharge, the trial court discussed with counsel the charge to be given. Defense counsel objected to part of the charge concerning the elements of aggravated assault (the underlying felony) and the trial court acquiesced, giving only the portion of the definition of aggravated assault to which defense counsel did not object. Appellate counsel now contends that the recharge was confusing and misleading because the trial court gave the wrong part of the definition of aggravated assault, charging the jury on the part involving intent to kill rather than on the use of a deadly weapon, as the indictment charged. Appellate counsel also contends that the charge was defective because it did not include a repetition of the State's burden of proof and the presumption of innocence.

(a) Where as here, trial counsel specifically requests that a portion of the charge be omitted and the trial court acquiesces, we find a waiver of objection under the principle that a party may not ignore error at trial or manufacture it. See *Stewart v. State*, 239 Ga. 588 (6) (238 SE2d 540) (1977).

(b) When a jury asks for clarification or for further instruction, the trial court has discretion to repeat the entire charge or to cover only the issue or issues on which the jury has requested further instruction. *Burgan v. State*, 258 Ga. 512 (4) (371 SE2d 854) (1988). Considering that the charge as a whole adequately covered the issues of burden of proof and presumption of innocence, that the jury did not indicate any confusion on those matters, and that defense counsel was very active in the colloquy in which the content of the recharge was determined, we find no abuse of the trial court's discretion in limiting the recharge to the issues requested.

5. One of the occupants of the murder victim's car identified appellant at trial and had also identified appellant earlier from a photo spread. Appellant contends that the identification evidence should

have been suppressed because he was not given the benefit of having counsel present at the photo line-up and because discrepancies in the identification witness' testimony created a substantial likelihood of misidentification.

The former contention is without merit because there is no right to counsel at a pre-indictment photo line-up. *Dodd v. State*, 236 Ga. 572, 574 (224 SE2d 408) (1976). As to the latter contention, our independent review of the transcript does not produce any indication that the procedure used was impermissibly suggestive. Under those circumstances, we find no error in the trial court's denial of appellant's motion to suppress the identification testimony. See *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548) (1988).

6. Finally, appellant contends that the trial court erred in denying the ground of his motion for new trial that alleged ineffective assistance of counsel. Of the five instances of alleged ineffectiveness appellant enumerates on appeal, three concerned trial counsel's failure to object to the matters involved in Divisions 2, 3 and 4 (b), supra. Since we have held that there was no error by the trial court with regard to those matters, it follows that the failure to object was not ineffective assistance of counsel.

Appellant also contends that trial counsel was ineffective in failing to object to the trial court's flawed charge on the elements of aggravated assault, discussed in Division 4 (a), supra. However, to the extent that the charge on felony murder was wrong, it was to appellant's benefit because it required the jury to find intent to kill, a finding that the indictment would not have required, while still requiring that the jury find the specific conduct mentioned in the indictment, appellant's use of a firearm to shoot the victim. Thus, even if we were to conclude that trial counsel's performance was deficient in permitting an incorrect jury instruction to be given, that deficiency would not meet the second half of the test for ineffective assistance of counsel, that the deficiency cause prejudice to the defendant. *Lajara v. State*, 263 Ga. 438 (3) (435 SE2d 600) (1993). Accordingly, we find no merit to appellant's claim of ineffective assistance of counsel with regard to the charge on the elements of aggravated assault.

Appellant's final specification of ineffectiveness was that trial counsel made the defense team appear unprepared, thus hurting their credibility, by improperly and unsuccessfully trying to impeach a witness based on the contents of a document that was not admitted into evidence. That assertion is at odds with the record which shows that trial counsel, in order to retain the right to both opening and closing argument, sought to avoid offering into evidence a prior statement of a witness by means of which he was seeking to impeach the witness. There was nothing that transpired before the jury which could have given rise to appellant's interpretation of trial counsel's efforts. As

were the others, appellant's final specification of ineffectiveness is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 1994.

*Daniel B. Kane,* for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Gregory J. Giornelli, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.