A99A1688. PILZER v. JONES et al.
A99A1689. SCOTTISH RITE CHILDREN'S MEDICAL CENTER, INC. et al. v. JONES et al.
(529 SE2d 205)

ANDREWS, Presiding Judge.

April Jones and her mother, Betty Kinney, sued Edith Pilzer, M.D., Scottish Rite Children's Medical Center, Inc. (Scottish Rite), and Jill Bolton, R.N., for medical negligence claiming that the defendants negligently failed to monitor Jones' condition and timely diagnose and treat her for serious complications stemming from a sigmoidoscopy procedure performed on Jones (a minor at the time) by Dr. Pilzer at Scottish Rite, where Bolton was employed as a nurse. On appeal from the judgment entered on a jury verdict in favor of Jones and Kinney, the defendants claim that the expert medical testimony failed to establish that the damages awarded were proximately caused by their negligence and that the plaintiffs' counsel made improper and prejudicial statements during closing argument.[1] Finding no basis for reversal, we affirm the judgment.

During the sigmoidoscopy, Dr. Pilzer inserted a flexible tube with a small camera at the tip through Jones' rectum and into her intestine to aid in the continuing diagnosis of Jones' inflammatory bowel disease. After the outpatient procedure, Jones was taken to a recovery area at Scottish Rite where she was monitored by nurse Bolton. While in the recovery area, Jones complained of severe bowel pain and, on orders from Dr. Pilzer, was given two intravenous doses

---

[1] The separate appeals filed by Dr. Pilzer (Case No. A99A1688) and by Scottish Rite and nurse Bolton (Case No. A99A1689) are considered together in this opinion.

of morphine to relieve the pain. After four hours in the recovery area, Jones was discharged to Kinney, who took her home at 3:20 p.m. During the night, Jones again began to experience severe bowel pain along with fever and vomiting. At 6:30 a.m. the next day, Kinney took Jones back to Scottish Rite, where Jones was diagnosed as having a perforation in her intestine which was allowing fecal matter to spill into her abdominal cavity.

Because of widespread contamination in Jones' abdominal cavity caused by the spilled fecal material, Jones developed a near-fatal infection and other serious complications stemming from the infection. Upon her return to Scottish Rite, Jones' condition required immediate surgery to repair the perforated intestine, and a colostomy was performed on Jones to allow her fecal material to be collected in a bag carried outside her body. As a result of the infection caused by the spilled fecal material, Jones was hospitalized for three months, was placed on a ventilator, and underwent numerous additional surgical procedures necessary to save her life. The various surgeries left Jones' body permanently scarred and disfigured.

In a medical negligence action against Dr. Pilzer, nurse Bolton, and Scottish Rite (based on the action of its nurse employee), Jones and Kinney presented expert medical testimony that Dr. Pilzer perforated Jones' intestine with the flexible tube inserted during the sigmoidoscopy procedure. There was no claim and no evidence that the perforation of the intestine during the procedure or the failure to discover the perforation during the procedure was negligent conduct by Dr. Pilzer. Rather, the expert medical testimony was that an undetected perforation of the intestine was a known risk of the procedure and that, because of this known risk, it was necessary to carefully monitor Jones after the procedure for any signs indicating that a perforation had occurred. The medical evidence showed that careful monitoring was necessary to detect any perforation so that immediate action could be taken to repair the perforation to prevent spillage of fecal material into the abdominal cavity and resulting infection.

Jones and Kinney presented expert medical testimony that, during the time Jones was in the recovery area at Scottish Rite after the procedure, she displayed signs — severe abdominal pain and elevated pulse and respiration rates — indicating that a perforation of the intestine had occurred during the procedure. During this time, Dr. Pilzer, by telephone, ordered two administrations of intravenous morphine to relieve the pain without examining Jones and failed to order x-rays or perform other diagnostic tests to discover the perforation, despite signs that one had occurred. Expert medical testimony was presented that these actions and omissions by Dr. Pilzer deviated from the appropriate standard of medical care and resulted in a negligent failure by Dr. Pilzer to timely diagnose that a perforation of

the intestine had occurred during the procedure. Expert medical and nursing testimony also showed that, during the time Jones was in the recovery area, nurse Bolton failed to adequately take and chart Jones' vital signs and communicate this information to Dr. Pilzer and that these omissions were a negligent deviation from the appropriate standards of nursing care.

The expert medical testimony showed that, as a result of negligent acts and omissions by Dr. Pilzer and nurse Bolton, Jones was discharged from Scottish Rite with a perforated intestine which allowed widespread spillage of fecal material into Jones' abdominal cavity causing a near-fatal infection and the need for extended hospitalization and additional surgical procedures. In conjunction with the expert medical testimony, Jones and Kinney also presented evidence from a nonmedical expert who testified as to monetary sums necessary to formulate a life care plan for Jones as a result of the negligence. This expert gave extensive testimony as to damages resulting from the permanent nature of the colostomy performed on Jones when the intestinal perforation was repaired.

Although Dr. Pilzer and nurse Bolton presented opposing expert medical testimony that they complied with the appropriate standards of care and were not negligent, the jury rendered a special verdict in favor of Jones and Kinney as follows: (1) that Dr. Pilzer, nurse Bolton, and Scottish Rite (through its nurse employee) negligently failed to comply with the standards of care they were obligated to provide in treating Jones; (2) that acts or omissions of these defendants in failing to comply with the standards of care were a proximate cause of injury or damage suffered by Jones; (3) that Jones experienced pain and suffering which she would not have otherwise experienced as the proximate result of those negligent acts or omissions and that Jones be awarded $4,000,000 for pain and suffering experienced as a result of those negligent acts and omissions; (4) that Jones will have future medical expenses as the proximate result of those negligent acts and omissions and that Jones be awarded $346,689 for such expenses; (5) that Jones will be uninsurable in the future as the proximate result of those negligent acts and omissions and that Jones be awarded $150,000 for these damages; (6) that Jones will experience loss of income in the future as the proximate result of those negligent acts and omissions and that Jones be awarded $710,000 for these damages; and (7) that Kinney, who was the parent responsible for medical expenses incurred on behalf of her minor child, Jones, be compensated for past medical expenses incurred as a proximate result of those negligent acts and omissions in the amount of $484,978.08.

After judgment was entered on the verdict in favor of Jones and Kinney, the trial court granted the defendants' motion for a new trial

in which the defendants claimed: (1) that a large part of the damage awards was based on Jones' claim that the permanent colostomy was caused by the defendants' negligence, and (2) that the verdict in favor of the plaintiffs must be set aside because there was no expert medical testimony sufficient to establish that the permanent colostomy was the proximate result of the defendants' negligence. The trial court then reconsidered its ruling, vacated the grant of a new trial, and entered a new order concluding that there was a lack of evidence in the record to support the damages awarded in sections (4), (5), and (6) of the verdict totaling $1,206,698. Based on this conclusion, the trial court denied the defendants' motion for a new trial, provided that Jones accept a $1,206,698 reduction of the verdict in her favor pursuant to OCGA § 51-12-12 (b). Jones subsequently accepted the reduction of the verdict, and the defendants appealed from the amended judgment entered on the remaining portion of the verdict for $4,000,000 in pain and suffering awarded to Jones and $484,978.08 in past medical expenses awarded to Kinney.

1. Jones and Kinney presented expert medical testimony sufficient to establish that the negligence of Dr. Pilzer and nurse Bolton caused a delay in the diagnosis of the perforated intestine that in turn caused the near-fatal infection suffered by Jones and other damages stemming from the infection. We agree with the defendants' contention, however, that the evidence failed to establish that the negligence of Dr. Pilzer and nurse Bolton caused Jones to undergo the colostomy or caused the colostomy to be permanent or irreversible.

Whether or not the colostomy (and its permanent nature) was the proximate result of the defendants' negligent deviation from the appropriate standards of care was a medical question beyond the ken of laypersons. In such cases, causation issues can be resolved only by expert medical testimony, standing alone; in which case the testimony sufficient to establish a causal connection must at least show there was a reasonable probability that the negligence caused the injury. *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (345 SE2d 904) (1986); *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (326 SE2d 543) (1985); *Nat. Dairy &c. Corp. v. Durham*, 115 Ga. App. 420, 422 (154 SE2d 752) (1967); *Abdul-Majeed v. Emory Univ. Hosp.*, 225 Ga. App. 608 (484 SE2d 257) (1997); *Lewis v. Smith*, 238 Ga. App. 6, 9 (517 SE2d 538) (1999). Testimony showing merely a possibility that the negligence caused the injury is not sufficient to establish the necessary causal connection. *Renfroe v. Arrington*, 238 Ga. App. 470, 473-475 (519 SE2d 3) (1999); *Abdul-Majeed*, 225 Ga. App. at 608-609; *Lewis*, 238 Ga. App. at 9-10.

Although the issue presented a close question, a careful reading of the record shows that expert medical testimony presented by

Jones and Kinney established only the possibility that the negligence of Dr. Pilzer and nurse Bolton caused Jones to undergo a colostomy which is now irreversible. On the other hand, other expert medical testimony presented by the defendants and by Jones and Kinney established a reasonable probability that the colostomy was necessary as a result of Jones' underlying inflammatory bowel disease in conjunction with the nonnegligent perforation of her intestine. The evidence also showed that Jones refused to undergo additional tests necessary to determine if the colostomy could be reversed.

Nevertheless, we do not agree with the defendants' contention that the awards to Jones for pain and suffering and to Kinney for past medical expenses must be reversed because an undeterminable portion of these awards consists of colostomy-related damages which were not proximately caused by the defendants' negligence. To the contrary, the trial court instructed the jury that damages could be awarded only for injuries that were proximately caused by the defendants' negligence and that proximate cause must be proved by expert medical testimony establishing a reasonable probability that the negligence caused the injury. The jury applied this instruction when it determined in its special verdict that the defendants' negligence was the proximate cause of Jones' pain and suffering and the past medical expenses incurred by Kinney. We will presume that the jury also applied this instruction to determine on the evidence before it that the awards would include nothing for colostomy-related damages because the expert medical testimony failed to establish a reasonable probability that the defendants' negligence caused those damages.

In the absence of clear evidence to the contrary, qualified jurors under oath are presumed to follow the instructions of the trial court. *Star Gas &c. v. Robinson*, 225 Ga. App. 594, 598 (484 SE2d 266) (1997), rev'd on other grounds, 269 Ga. 102 (498 SE2d 524) (1998). Moreover, "where a verdict has been returned by the jury and approved by the trial judge, the evidence is to be construed in the light most favorable to the prevailing party, and every presumption and inference [are] in favor of sustaining the verdict." *Perfect Image v. M & M Elec. Constructors*, 191 Ga. App. 605, 607-608 (3) (382 SE2d 405) (1989). There is no indication that the jury was confused in its application of the trial court's instructions to the applicable facts. The evidence was sufficient to support the jury's award to Jones for pain and suffering and to Kinney for past medical expenses.

2. The defendants contend that the trial court erred by denying their motion for a mistrial made when counsel for Jones and Kinney made prejudicial statements to the jury during closing argument.

During closing argument, plaintiffs' counsel stated:

There is compensation that needs to be done here. There's compensation and adequate compensation that needs to be made. Well, do you just give her her bills. Do you give her just her bills be — you know, that's got to be paid to somebody else. Do you just give her her bills and future medical expenses. Well, that has to be given to somebody else.

Defense counsel objected that these statements falsely implied that hundreds of thousands of dollars in medical expenses incurred by the plaintiffs had not been paid and that the plaintiffs were worried about being left destitute if they did not receive a large damage award. Defense counsel argued that these statements were false and highly prejudicial and required an instruction to the jury that the medical bills had in fact been paid by collateral sources. Defense counsel also moved in the alternative for a mistrial.

The trial court denied the motion for a mistrial and refused to instruct the jury that the medical bills had been paid by collateral sources. Instead, the trial court gave the jury the following curative instructions:

Ladies and gentlemen, during Mr. Cook's closing remarks there was a reference made by him to any potential award you might make in this case with respect to the medical expenses incurred and to be incurred by the plaintiffs. If you understood those remarks to indicate that any such award, that is, for medical expenses would be paid to someone other than the plaintiff, I am instructing you to disregard those comments. Any award you make in this case for any element of the plaintiffs' damages including medical expenses will be paid to the plaintiffs. It will be their property.

Although the statements made by plaintiffs' counsel were clearly improper and prejudicial, and the trial court had available to it other appropriate sanctions, *Warren v. Ballard*, 266 Ga. 408, 410 (467 SE2d 891) (1996), we find no abuse of discretion in the trial court's decision in this case to instruct the jury to disregard the statements and to give curative instructions without reference to payments made by collateral sources. Id.; *Bennett v. Terrell*, 224 Ga. App. 596, 597 (481 SE2d 583) (1997). The instructions given by the trial court were sufficient to cure the prejudice and ensure that the jury was not misled into rendering a sympathetic verdict not based on fact. The trial court did not err by denying the motion for a mistrial.

3. Dr. Pilzer claims that the trial court erroneously allowed the plaintiffs' expert on Jones' life care plan to testify without proper qualifications that Jones was uninsurable. This claim was rendered

moot by the trial court's reduction of the verdict eliminating damages related to this witness' testimony.

*Judgment affirmed. Ellington, J., concurs. Ruffin, J., concurs in the judgment only.*

D<small>ECIDED</small> F<small>EBRUARY</small> 2, 2000 —

*Browning & Tanksley, Henry D. Green, Jr., Hall, Booth, Smith & Slover, Rush S. Smith, Jr., Rebecca T. Christian*, for appellant (case no. A99A1688)

*Alston & Bird, Dow N. Kirkpatrick II, Elizabeth Bertschi*, for appellants (case no. A99A1689).

*Cook, Noell, Tolley, Bates & Michael, J. Vincent Cook, Minkin & Snyder, Robert E. Spears, Jr.*, for appellees.