S02G1063. ZWIREN et al. v. THOMPSON.
(578 SE2d 862)

BENHAM, Justice.

In September 1998, appellee Tracee Thompson underwent surgery performed by appellant Dr. Jeffrey Zwiren. A year later, Thompson filed a medical malpractice complaint against Zwiren and his professional corporation that resulted in a trial at which the jury returned a defense verdict. In *Thompson v. Zwiren*, 254 Ga. App. 204 (561 SE2d 493) (2002), the Court of Appeals reversed the trial court's judgment after determining the trial court committed harmful error when it gave the following charge:

> In order for the Plaintiff to show a medical cause and effect relationship, Plaintiff must present expert medical testimony show[ing] that[,] within a reasonable degree of medical certainty[,] as proven by a preponderance of the evidence[,] that the injury in question was proximately caused by the negligence of the Defendant. Expert testimony on the issue of causation cannot be based on speculation or pos-

---

[35] OCGA § 16-5-3.

[36] OCGA § 16-11-108. Hines was in fact convicted of this crime in the present case.

sibilities. It's not sufficient for the expert testimony to show the negligence, if any, is only a possible cause of the plaintiff's injury, or that the alleged neglect merely might have caused the damages. If you find the Plaintiff has not proven to a reasonable degree of medical certainty by a preponderance of the evidence that the alleged damages were proximately caused by the Defendant's neglect, then you would return a verdict for the Defendants.[1]

We granted the writ of certiorari to address whether the Court of Appeals erred when it held it was reversible error to give the jury instruction "within a reasonable degree of medical certainty." We conclude that the charge as given, while not a model of clarity, did not rise to the level of reversible error. Accordingly, we reverse the judgment of the Court of Appeals.

"A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." OCGA § 51-1-27. Three essential elements to establish liability in a medical malpractice action have emerged from the statute: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." *Hawkins v. Greenberg*, 166 Ga. App. 574 (1) (a) (304 SE2d 922) (1983). See also *Johnson v. Riverdale Anesthesia Assoc.*, 275 Ga. 240, 241 n. 2 (563 SE2d 431) (2002). Medical malpractice being a civil cause of action, a plaintiff must prove liability (i.e., duty, negligence, proximate cause) by a preponderance of the evidence. OCGA § 24-4-3. "Preponderance of the evidence" is statutorily defined as "that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." OCGA § 24-1-1 (5). "The standard requires only that the finder of fact be inclined by the evidence toward one side or the other." *Murray v. State*, 269 Ga. 871, 873 (2) (505 SE2d 746) (1998). In the case at bar, the trial court

---

[1] The transcript of the charge conference makes it clear that the jury instruction in question is the result of the trial court's attempt to resolve plaintiff's objection to the defendants' requested jury charge on proximate cause that used the phrase "reasonable degree of medical certainty." Plaintiff wanted the charge to state "reasonable degree of medical probability," contending that it better reflected the notion that proximate cause had to be proven by a preponderance of the evidence. The proximate cause charge submitted by the defendants is the charge given by the trial court without the underlined references to the preponderance of the evidence. The underlined material was added by the trial judge.

informed the jury that the plaintiff had the burden of proving her claim by a preponderance of the evidence and gave the jury the suggested pattern charge on preponderance of the evidence. Suggested Pattern Jury Instructions, Vol. I: Civil Cases, Sec. I (D), pp. 3-4.

Our focus in this case is on the proximate-cause prong of the medical malpractice liability trident. It is clear that a plaintiff cannot recover for medical malpractice, even where there is evidence of negligence, unless the plaintiff establishes by a preponderance of the evidence that the negligence "either proximately caused or contributed to cause plaintiff [harm]." *Parrott v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269) (1978). See also *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414 (3) (336 SE2d 268) (1985); *Kirby v. Spivey*, 167 Ga. App. 751 (3) (307 SE2d 538) (1983). Proximate cause "is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred." *T.J. Morris Co. v. Dykes*, 197 Ga. App. 392, 395-396 (4) (398 SE2d 403) (1990). See also *Locke v. Vonalt*, 189 Ga. App. 783 (7) (377 SE2d 696) (1989); Suggested Pattern Jury Instructions, Vol. I: Civil Cases, Sec. XXXII (A), p. 231 (3rd ed.). What amounts to proximate cause "is undeniably a jury question" (*Ontario Sewing Mach. Co. v. Smith*, 275 Ga. 683 (2) (572 SE2d 533) (2002); *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983)), and " 'is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent.' " *Atlanta Obstetrics &c. v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). See also 1 Street, Foundations of Legal Liability, 1906, 110. In the case at bar, the jury was given the suggested pattern jury instruction on proximate cause.[2]

In order to establish proximate cause by a preponderance of the evidence in a medical malpractice action, the plaintiff must use expert testimony because the question of whether the alleged professional negligence caused the plaintiff's injury is generally one for specialized expert knowledge beyond the ken of the average layperson. *Pilzer v. Jones*, 242 Ga. App. 198 (1) (529 SE2d 205) (2000); *R. J. Taylor Mem. Hosp. v. Gilbert*, 213 Ga. App. 104, 105 (443 SE2d 656) (1994), rev'd on other grounds, *Gilbert v. R. J. Taylor Mem. Hosp.*, 265 Ga. 580 (458 SE2d 341) (1995). Using the specialized knowledge and training of his field, the expert's role is to present to the jury a realis-

---

[2] The jury was instructed that "[p]roximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation." See Suggested Pattern Jury Instructions, Vol. I: Civil Cases, Sec. XXXII (A), p. 231 (3rd ed.).

tic assessment of the likelihood that the defendant's alleged negligence caused the plaintiff's injury. See *Abdul-Majeed v. Emory Univ. Hosp.*, 225 Ga. App. 608, 609 (484 SE2d 257) (1997), overruled in part on other grounds, *Ezor v. Thompson*, 241 Ga. App. 275, 279 (526 SE2d 609) (1999). In presenting an opinion on causation, the expert is required to "express some basis for both the confidence with which his conclusion is formed, and the probability that his conclusion is accurate." Hullverson, Reasonable Degree of Medical Certainty: A Tort et a Travers, 31 St. Louis U.L.J. 577, 582 (1987). "Perhaps in the world of medicine nothing is absolutely certain. Nevertheless, . . . it is the intent of our law that if the plaintiff's medical expert cannot form an opinion with sufficient certainty so as to make a medical judgment, there is nothing on the record with which a jury can make a decision with sufficient certainty so as to make a legal judgment." *McMahon v. Young*, 276 A2d 534, 535 (Pa. 1971). See also *Catchings v. State*, 684 So2d 591, 597 (Miss. 1996).

While not expressly setting forth this premise, the Georgia appellate court decisions on expert "proximate cause" testimony in medical malpractice actions have applied it. The appellate decisions state that the expert testimony must provide a causal connection that is "more than mere chance or speculation" (*Anthony v. Chambless*, 231 Ga. App. 657 (1) (500 SE2d 402) (1998)); that it must provide more than a mere or bare possibility that the alleged negligence caused the plaintiff's injury. *Bowling v. Foster*, 254 Ga. App. 374 (562 SE2d 776) (2002); *Maddox v. Houston County Hosp. Auth.*, 158 Ga. App. 283, 284 (279 SE2d 732) (1981). Expert testimony that it was "more likely that there was a possibility" that the injury could have been avoided does not provide the necessary basis for the expert's opinion on proximate cause. *Grantham v. Amin*, 221 Ga. App. 458 (471 SE2d 525) (1996). Instead of speaking in terms of possibilities, the expert's testimony must show as an evidentiary threshold that the expert's opinion regarding causation is based, at the least, on the determination that "there was a reasonable probability that the negligence caused the injury." *Pilzer v. Jones*, supra, 242 Ga. App. at 201; *Cannon v. Jeffries*, 250 Ga. App. 371 (551 SE2d 777) (2001) (expert testimony indicating a causal connection less than a reasonable probability is insufficient to establish liability); *Abdul-Majeed v. Emory Univ. Hosp.*, supra, 225 Ga. App. at 609 (while certainty is not required, plaintiff must show a probability rather than merely a possibility that the alleged negligence caused the injury or death). The expert also meets this requirement by stating that the only apparent cause of the plaintiff's injury was the defendant's action (*Killingsworth v. Poon*, 167 Ga. App. 653, 657 (307 SE2d 123) (1983)); or if the expert presents "overwhelming" testimony of experience that, in the absence of the alleged negligence, the patient's condition could have

been prevented from worsening. *Lee v. Satilla Health Svcs.*, 220 Ga. App. 885 (2) (470 SE2d 461) (1996).

There is a line of appellate decisions stating "there can be no recovery for medical negligence involving an injury to a patient when there is no showing to any reasonable degree of medical certainty that the injury could have been avoided." See *Bowling v. Foster*, supra, 254 Ga. App. at 378; *Cannon v. Jeffries*, supra, 250 Ga. App. at 373; *Anthony v. Chambless*, supra, 231 Ga. App. at 661; *Grantham v. Amin*, supra, 221 Ga. App. 458; *Dowling v. Lopez*, 211 Ga. App. 578, 580-581 (440 SE2d 205) (1993); *Goggin v. Goldman*, 209 Ga. App. 251 (433 SE2d 85) (1993); *Parrott v. Chatham County Hosp. Auth.*, supra, 145 Ga. App. at 115.[3] While the statement, standing alone, asserts that one does not establish liability for medical malpractice as a matter of law unless one shows to a reasonable degree of medical certainty that the alleged negligence caused the harm complained of, in none of these cases was a determination regarding liability based on the fact that the formulaic words "reasonable degree of medical certainty" were not used. Rather, the cases equate an expert's failure to state his opinion regarding proximate cause with "a reasonable degree of medical certainty" with the expert's statement of proximate cause as being one of "mere possibility" and, as such, is insufficient to establish liability. See *Bowling*, supra, 254 Ga. App. at 378 (even if plaintiff had proven negligence, plaintiff was also required to show causation with more than the mere possibility that more conservative care would have avoided surgery); *Cannon*, supra, 250 Ga. App. at 373 (insufficient when expert testimony alone indicates causal connection at less than "reasonable medical probability"; expert only able to state she thought two possibilities may have contributed to the injury); *Anthony v. Chambless*, supra, 231 Ga. App. at 659 (while not necessary for expert to use magic words "reasonable degree of medical certainty," must show more than a mere chance or speculation); *Goggin v. Goldman*, supra, 209 Ga. App. at 253 (expert's testimony that he could not say within a reasonable degree of medical certainty that kidney could be saved was evidence that only suggests the mere possibility that timely discovery of blood clot would have saved kidney's function); *Parrott v. Chatham County Hosp. Auth.*, supra, 145 Ga. App. at 115 (even if negligence had been proven, there must be more than a bare possibility that the negligence caused the

---

[3] In criminal cases, the phrase "reasonable certainty," when coupled with "moral" (i.e., "moral and reasonable certainty"), has been judicially construed to be the equivalent of "beyond a reasonable doubt." *Bone v. State*, 102 Ga. 387, 390-391 (30 SE 845) (1897); *Austin v. State*, 6 Ga. App. 211 (1) (64 SE 670) (1909). See also *Wayne v. State*, 269 Ga. 36 (7) (495 SE2d 34) (1998); *Armstrong v. State*, 265 Ga. 18 (3) (453 SE2d 442) (1995) (while "moral and reasonable certainty" jury instruction does not lower the State's burden of proof from "beyond a reasonable doubt," it should no longer be included in jury instructions).

harm). See also *Grantham v. Amin*, supra, 221 Ga. App. at 459 (even if plaintiff had proven negligence, in light of absence of evidence of use of prescribed medication, it cannot be said that prescribing the drug proximately caused death); *Dowling v. Lopez*, supra, 211 Ga. App. at 580 (no expert testimony that patient did not have terminal cancer at time of misdiagnosis, so no evidence that misdiagnosis was proximate cause of death from cancer).[4]

Thus, "reasonable degree of medical certainty," while an *acceptable* means by which an expert may express the confidence the expert has in the conclusion formed and the probability that it is accurate, is not the *required* standard. Georgia case law requires only that an expert state an opinion regarding proximate causation in terms stronger than that of medical possibility, i.e., reasonable medical probability or reasonable medical certainty. In the case at bar, the jury was instructed that the medical expert's opinion had to be based on reasonable medical certainty, and the jury was told that the expert's testimony had to be based on more than speculation or possibility. As such, it was an adequate statement of the law.

The Court of Appeals determined the charge given by the trial court was inconsistent with the burden of proof in civil cases and caused juror confusion to the extent that a new trial was required. Considering the charge as a whole, we conclude the jury was properly instructed on the plaintiff's burden of proof regarding proximate cause and the parameters within which an expert's opinion regarding causation must fall in order to be considered. As such, the charge as a whole was complete and accurate and did not lead to confusion. See *George v. State*, 260 Ga. 809 (5) (a) (400 SE2d 911) (1991).[5] However, in an effort to bring uniformity to the issue, we suggest that the following jury instruction be given in medical malpractice lawsuits:

> In order for the plaintiff to show that the defendant's alleged negligence was the proximate cause of the plaintiff's injury, the plaintiff must present expert medical testimony. An expert's opinion on the issue of whether the defendant's

---

[4] We do not know what questions were posed to the medical expert(s) regarding proximate causation or what answers the expert(s) gave because the appellate record, at plaintiff's request, consists only of the transcript of the charge to the jury and the hearing on the motion for new trial, and a partial transcript of the charge conference.

[5] We note that in many cases involving allegations of juror confusion, the appellate court examines the record to see if the jury exhibited signs of confusion. See, e.g., *Glisson v. Glisson*, 268 Ga. 164 (1) (486 SE2d 167) (1997) (jury questions demonstrated confusion on key issues); *Victorine v. State*, 264 Ga. 580 (4) (b) (449 SE2d 91) (1994) (noting that jury did not indicate confusion); *Elrod v. State*, 238 Ga. App. 80 (2) (517 SE2d 805) (1999) (noting that juror confusion was indicated by questions from the jury). Due to the absence of the trial transcript in the appellate record of the case at bar, we do not know whether the jury displayed signs of confusion.

alleged negligence caused the plaintiff's injury cannot be based on speculation or possibility. It must be based on reasonable medical probability or reasonable medical certainty. If you find that the expert's testimony regarding causation is not based on reasonable medical probability or reasonable medical certainty, then the plaintiff has not proven that the plaintiff's injury was proximately caused by the defendant's alleged negligence, and you would return a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Sears, P. J., Hunstein and Carley, JJ., who dissent.*

SEARS, Presiding Justice, dissenting.

This case is much simpler than the majority makes it out to be. The trial court twice instructed the jury that in order to prove her case, the plaintiff was required to show **"within a reasonable degree of medical certainty"** that her injury was proximately caused by the defendant's negligence.[6] This confusing and contradictory charge muddles the time-honored and simple equation that in order to prove causation, a medical malpractice plaintiff must bring forth expert testimony to establish only **a reasonable probability** that the alleged negligence caused the injury.[7]

In medical malpractice cases, the plaintiff is required to bring forth expert evidence of causation which shows that "there was **a reasonable probability** that the negligence caused the injury."[8] In this appeal, the charge at issue instructed that the plaintiff was required to bring forth a preponderance of evidence to establish causation to **"a medical certainty."** As such, the charge clearly placed a greater evidentiary burden on the plaintiff, something which this Court has previously cautioned against in civil cases.[9]

The majority attempts to obfuscate the greater burden placed on the plaintiff by reasoning that it is *acceptable* for a medical expert to opine that causation is shown to a medical certainty, but that the expert is not required to do so.[10] This analysis begs the question at the heart of this appeal: whether the trial court's charge improperly

---

[6] Op at 498.

[7] *Pilzer v. Jones*, 242 Ga. App. 198, 201 (529 SE2d 205) (2000); *Abdul-Majeed v. Emory Univ. Hosp.*, 225 Ga. App. 608, 609 (484 SE2d 257) (1997), overruled on other grounds, *Ezor v. Thompson*, 241 Ga. App. 275 (526 SE2d 609) (1999).

[8] *Pilzer*, 242 Ga. App. at 201; accord *Abdul-Majeed*, 225 Ga. App. at 609; *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (345 SE2d 904) (1986); *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (326 SE2d 543) (1985); *National Dairy &c. Corp. v. Durham*, 115 Ga. App. 420, 422 (154 SE2d 752) (1967).

[9] *Dyer v. Souther*, 274 Ga. 61, 62 (548 SE2d 1) (2001).

[10] Op. at 503.

increased the quantum of evidence the plaintiff had to bring forth in order to prove causation. As explained above, by charging that the plaintiff had to show causation to a medical certainty, the trial court did increase her evidentiary burden.

Furthermore, the charge at issue in this appeal is inherently confusing. The trial court twice instructed the jury that in order to prove her case, the plaintiff was required to show "**within a reasonable degree of medical certainty** as proven by a **preponderance of the evidence**" that her injury was proximately caused by the defendant's negligence.[11] As discussed in the Court of Appeals' opinion, these two terms are not analogous. "Certainty" is defined as "the state of being certain[, as in] the certainty of death";[12] "a state of being free from doubt";[13] and as something about which there is an "absence of doubt."[14] "Preponderance of the evidence," on the other hand, refers to the "superior weight of evidence . . . , which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable . . . mind to one side of the issue rather than to the other."[15] Hence, the jury charge in this case instructed that in order to show proximate cause, the plaintiff was required to come forward both (1) with evidence that eliminated nearly all doubt, and (2) with evidence that did not erase all doubt, but simply inclined reasonable minds to decide in her favor. As we have previously held, "[a] charge containing two distinct propositions [that] conflict[ with each] other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial."[16] If ever there was a jury charge that set forth two conflicting and opposing legal standards, it is the charge at issue in this appeal.

Because the charge on proximate cause in this medical malpractice action placed an improper evidentiary burden on the plaintiff, was inherently contradictory and undoubtedly confused the jury, I believe the Court of Appeals properly reversed the trial court's denial of plaintiff's motion for new trial, and the majority errs by reversing that decision. Therefore, I dissent.

I am authorized to state that Justice Hunstein and Justice Carley join in this dissent.

---

[11] Op. at 498.
[12] American Heritage Dictionary of the English Language (3rd ed.), p. 312.
[13] Webster's Ninth New Collegiate Dictionary (2nd ed.), p. 223.
[14] Black's Law Dictionary (5th ed.), p. 205.
[15] OCGA § 24-1-1 (5).
[16] *Clements v. Clements*, 247 Ga. 787, 789 (279 SE2d 698) (1981).

DECIDED MARCH 27, 2003 —
RECONSIDERATION DENIED APRIL 11, 2003.

*Love, Willingham, Peters, Gilleland & Monyak, Robert P. Monyak, Anna B. Fretwell, Lucas W. Andrews*, for appellants.
*Peterson & Harris, Jim N. Peterson, Jr.*, for appellee.
*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Taylor, Harp & Callier, John S. Taylor, Boone & Stone, William S. Stone, Antoinette D. Johnson*, amici curiae.