[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2007
THOMAS K. KAHN
CLERK

No. 06-14545
Non-Argument Calendar

_____

D. C. Docket No. 05-01417-CV-CC-1

GERMAN DUQUE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

IVAN NEGRON, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 5, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

German Duque, a federal prisoner filing pro se, appeals the district court's entry of summary judgment, in favor of the United States,[1] on his claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674. On appeal, Duque argues that the district court erred (1) by finding that the medical contractors who treated him were not employees of the federal government, and (2) by finding no evidence from which a reasonable factfinder could conclude that the medical staff at the United States Penitentiary in Atlanta ("USP Atlanta") breached its duty to provide him with medical care. After careful review, we affirm.

We conduct a de novo review of a district court's order granting summary judgment, "applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "Summary judgment is appropriate if the evidence before the court shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citations omitted). The summary judgment movant bears the initial burden of showing the court, by

---

[1] Duque also named various individuals in his complaint, including medical doctors at the prison and contract hospital. The district court dismissed these individuals from the lawsuit, however, on the grounds that the United States is the only proper defendant in an action brought under the FTCA. Duque does not challenge this ruling on appeal.

reference to the record, that no genuine issues of material fact exist to be determined at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995). Once this initial burden is met, the other party must "go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 593-94 (citations and quotations omitted).

The FTCA imposes civil liability on the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). It is well-established that for the United States to be liable under the FTCA, the alleged tortfeasor must be an employee of the government. Patterson & Wilder Constr. Co. v. United States, 226 F.3d 1269, 1273-74 (11th Cir. 2000). Under the FTCA, an "employee of the Government" includes "officers or employees of any federal agency . . . and

3

persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Thus, private individuals who are not on the government's payroll <u>may</u> be considered employees for the purpose of establishing the government's liability under the FTCA. <u>Patterson</u>, 226 F.3d at 1274. "[A] person is an employee of the Government if the Government controls and supervises the day-to-day activities of the alleged tortfeasor during the relevant time." <u>Id.</u> To satisfy this test, it is not necessary for the government to continually control all aspects of the individual's activities, so long as it has the authority to do so given the nature of the task. <u>Id.</u>

When analyzing a FTCA claim, we apply the law of the state in which the alleged tort was committed. See Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004). Under Georgia law, "[a] person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill." Ga. Code Ann. § 51-1-27 (2006). From this statute, Georgia courts have derived the following three elements to establish liability in a medical malpractice claim: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate

4

cause of the injury sustained." Zwiren v. Thompson, 578 S.E.2d 862, 864 (Ga. 2003). Generally, the determination of whether the alleged professional negligence caused an injury is beyond the ken of the average layperson, so the plaintiff must use expert testimony to establish proximate cause. Id. at 865.

Viewing the record in the light most favorable to Duque and drawing all inferences in his favor, the district court correctly found that the United States cannot be held liable for any negligence attributable to the medical contractors who treated him. In response to the government's summary motion materials, Duque produced no evidence showing that the government controlled and supervised the treatment provided by the contractors. Accordingly, the United States may be liable for Duque's injuries only if his injuries were proximately caused through negligence by the USP Atlanta medical staff.

In response to the government's summary judgment materials, Duque did not present evidence to raise a genuine issue of material fact as to the USP Atlanta medical staff's negligence. In fact, Duque produced no evidence indicating that the USP Atlanta medical staff failed to exercise the requisite care in treating and diagnosing him. Duque relies on a report produced by a legal nurse consultant who reviewed his medical records, but even this report indicates that the USP Atlanta medical staff was not negligent in his treatment.

Therefore, upon thorough review of the record and careful consideration of the parties' briefs, we discern no reversible error in the district court's entry of summary judgment in favor of the United States on Duque's claims.

**AFFIRMED.**