[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2012
JOHN LEY
CLERK

No. 11-13110
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cv-01068-CAP


WILLIAM ROBINSON,

                                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
SANTA ROSA COUNTY, FLORIDA,
SANTA ROSA COUNTY JAIL,
SANTA ROSA COUNTY SHERIFFS OFFICE,
JOHN DOE,
Santa Rosa County, Administrator,
et al.,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(March 15, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

William Robinson, a federal prisoner, appeals pro se the district court's grant of summary judgment on his medical negligence claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., against the United States ("the government").[1] Robinson's claims relate to the treatment he received for his hernia and skin condition while incarcerated at the United States Penitentiary in Atlanta. The district court granted summary judgment because Robinson conceded he received adequate treatment for his hernia and did not present any expert medical testimony about his skin condition. After review, we affirm.

## I. SUMMARY JUDGMENT ON FTCA CLAIMS

In FTCA actions, liability is determined under the law of the state in which the alleged negligence occurred. 28 U.S.C. § 1346(b)(1); F.D.I.C. v. Meyer, 510 U.S. 471, 478, 114 S. Ct. 996, 1001 (1994). Under Georgia law, to prove medical negligence, the plaintiff must show: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure [was] the proximate cause of the injury

---

[1]There originally were 26 defendants. In a prior appeal, this Court affirmed the dismissal of all of Robinson's claims except these two FTCA claims against the Defendant United States.

sustained." Zwiren v. Thompson, 276 Ga. 498, 499, 578 S.E.2d 862, 864 (Ga. 2003).  To establish proximate cause, the plaintiff must use expert testimony because the question of whether the alleged negligence caused the injury is "generally one for specialized expert knowledge beyond the ken of the average layperson." Id. at 500, 578 S.E.2d at 865.

Here, Robinson did not present any expert testimony.  When Robinson had difficulty obtaining a medical expert to oppose the government's summary judgment motion, the district court appointed pro bono counsel.  The district court then gave Robinson's counsel time to obtain Robinson's complete medical file and to find a doctor that could examine Robinson and provide an expert opinion.  After interviewing Robinson and reviewing his medical records, appointed counsel advised the district court that Robinson conceded that he had received adequate medical treatment for his hernia and did not contest the government's summary judgment motion as to that hernia claim.

After Robinson was examined by an outside dermatologist, Robinson's counsel filed a response opposing the government's summary judgment motion.  Robinson's response maintained that material issues of fact existed with respect to his skin condition claim and that the matter should be submitted to a jury.  However, the response also advised the district court that "[i]n light of the

3

opinions provided by [the dermatologist] in his oral report, Plaintiff's counsel has not asked for a written report and at this time has no intention of doing so," and that "counsel has no expert opinion evidence to submit to the Court . . . ."

The government, on the other hand, submitted evidence, including the declaration of Dr. Thomas Webster and medical records, that Robinson's skin condition was properly diagnosed as folliculitis and eczema, and not scabies as Robinson claimed, and was properly treated with hydrocortisone cream. Although Robinson challenges the validity of Dr. Webster's medical opinion, he offers no evidence in support of his conclusory claim. Contrary to Robinson's contention, the fact that Dr. Webster's opinion is based on his review of Robinson's medical records does not render Dr. Webster's medical opinion invalid.

Given that Robinson did not present any expert medical evidence to contradict the government's expert medical evidence, the district court properly granted summary judgment to the government on Robinson's skin condition claim. And, since Robinson did not oppose summary judgment as to his hernia claim and conceded his hernia treatment was adequate, Robinson cannot challenge the district court's grant of summary judgment as to his hernia claim. See Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1213 (11th Cir. 2011) (explaining that under the invited error doctrine, a party cannot challenge district court action to

which the party agreed).[2]  For these reasons, we affirm the district court's grant of summary judgment in favor of the government on Robinson's FTCA claims of medical negligence.

## II. OTHER RULINGS

Robinson's appeal raises issues regarding various other rulings by district court during the litigation.  After review, we conclude that Robinson's challenges to the following rulings lack merit and warrant no further discussion: (1) January 13, 2009 order denying Robinson's motion to compel discovery; (2) May 26, 2009 order granting the government's motions for extensions of time to file its summary judgment motion; (3) June 3, 2009 order denying Robinson's motion for appointment of counsel and his motion to amend his complaint; and (4) July 28, 2009 order denying Robinson's motion for appointment of counsel.

Robinson argues that the district court erred when it denied Robinson's request to appoint an expert medical witness based on a belief that it had no authority to do so.  Under Federal Rule of Evidence 706, a district court has the

---

[2]To the extent Robinson argues that his pro bono appointed counsel was ineffective in investigating his claims and responding to the summary judgment motion, this claim lacks merit because a party in a civil action has no right to effective assistance of counsel.  See Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1522-23 (11th Cir. 1983).  Similarly meritless is Robinson's claim that the district court clerk erred in refusing to file his letter advising the district court that his appointed counsel was not communicating with him.  Nothing in the record suggests that the district court clerk's refusal to docket the letter prejudiced Robinson or that the letter would have affected the outcome of the case.

discretionary power to appoint an expert witness. See Fed. R. Evid. 706(a); Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Although the district court was mistaken with respect to its authority, we nonetheless find no reversible error.

While the district court refused to appoint an expert, it appointed counsel to assist Robinson in finding an expert. Appointed counsel found a dermatologist to conduct an independent medical examination of Robinson. After an oral report from the dermatologist, counsel decided not to submit a written report from the dermatologist. Nothing in the record suggests that the outcome would have been different had the district court appointed an expert witness, rather than appointing counsel to find an expert witness.

Finally, Robinson challenges the June 8, 2011 judgment in the district court because it ordered that "the defendants recover their costs of this action." Citing Hughes v. Rowe, 449 U.S. 5, 15-16, 101 S. Ct. 173, 178-79 (1980), Robinson contends that attorney's fees should not be awarded against a pro se prisoner unless the claims were wholly without merit, which Robinson contends his were not.

Robinson's challenge to this judgment lacks merit. First, the judgment addressed costs and not attorney's fees. See Fed. R. Civ. P. 54(d)(1)-(2) (permitting clerk to "tax costs on 14 days' notice," but requiring a motion for the

6

award of attorney's fees).  Second, Robinson waived any challenge to the judgment with respect to costs by failing to object in the district court.  See Fed. R. Civ. P 54(d)(1) (providing that district court may review clerk's taxation of costs if a motion is served within seven days of the required notice).  In any event, the government appears to have forgone any right to recover costs given that it has not filed a bill of costs within thirty days as required by the Northern District of Georgia's Local Rule 54.1, making this issue moot.

**AFFIRMED.**