68844. BLASH et al. v. GLISSON.
(325 SE2d 607)

BENHAM, Judge.

Acting on their own behalf and as next friends of their minor children, appellants sued appellee for medical malpractice, alleging that appellee's negligent performance of a sterilization procedure resulted in an unplanned pregnancy and birth. The damages sought were the costs of rearing the child to age 18. The trial court granted summary judgment to appellee, ruling that there is no cause of action in Georgia which allows recovery in a case in which, as here, the child is born healthy. We reverse.

1. Subsequent to the trial court's order in the present case, the Supreme Court decided the issues controlling this case. In *Fulton-DeKalb Hosp. Auth. v. Graves*, 252 Ga. 441 (314 SE2d 653) (1984), the Supreme Court ruled that an action for wrongful pregnancy or wrongful conception is no more than a species of malpractice and should be recognized. Consequently, we find that the trial court in the present case erred in ruling that there was no such cause of action as that presented by appellants.

2. Appellants contend that the trial court also erred in holding that their claim was based on the expense of rearing the child. Recognizing that the Supreme Court held in *Graves*, supra at p. 444, that "the cost of raising a child cannot be recovered," appellants argue that their claim is different in that they have sought damages on behalf of their other children, arguing that "having to share the family income with another individual" is distinguishable from claiming the expense of raising that other individual. We find that distinction to be one without a difference. Appellants have merely indicated the way in which the increased expense of raising another child will affect the older children.

However, we are not holding that appellants have not asked for any relief which would be recoverable under the pleadings in this ac-

tion. The Supreme Court held in the second division of its opinion in *Graves*, supra, that certain damages are recoverable in a wrongful pregnancy or wrongful conception case: "expenses for the unsuccessful medical procedure which led to conception or pregnancy, for pain and suffering, medical complications, costs of delivery, lost wages, and loss of consortium." Id. at 443. Inasmuch as some of those recoverable items of damages can be said to be included in the cost of rearing the child, we cannot say that appellants have altogether failed to state a claim upon which relief might be granted. That being so, this case must be returned to the trial court for a determination of the issues of negligence and of damages.

3. Since appellants did not raise in the trial court the constitutional issue they attempt to raise on appeal, we need not consider that issue. *First Pentecostal Church v. City of Atlanta*, 144 Ga. App. 718 (4) (242 SE2d 357) (1978).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 17, 1984 —

*Richard L. Powell, Michael J. Kramer,* for appellants.
*Robert G. Tanner, Henry D. Green, Jr., Mark F. Dehler,* for appellee.