A05A1562. WASDIN et al. v. MAGER et al.
A05A1563. MAGER v. WASDIN et al.
(619 SE2d 384)

BLACKBURN, Presiding Judge.

In this medical malpractice action, plaintiffs Ann Wasdin and her husband appeal a partial summary judgment that precluded them from recovering mental distress damages arising from the economic pressures of raising a fourth child, whose birth had resulted from an

---

allegedly negligent sterilization procedure performed by the defendants (Drs. Dede and Mager). Citing the absence of proximate cause evidence, Dr. Mager cross-appeals the court's denial of summary judgment on all claims. For the reasons set forth below, we discern no error and affirm in both cases.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So construed, the evidence shows that in 1990, Ann Wasdin had a cyst removed, which resulted in the removal of her left ovary and of a portion of her left fallopian tube. After bearing two children, she requested surgical sterilization in 1999; accordingly, her physician Dr. Dede performed a laparoscopic tubal ligation to cauterize her right fallopian tube to prevent further pregnancies. Despite this procedure, Wasdin became pregnant and bore a third child.

Wasdin and her husband approached Dr. Dede about performing a second sterilization procedure to ensure that another pregnancy would not occur. Drs. Dede and Mager performed a partial salpingectomy on Wasdin's right fallopian tube, which involved removing two-to-three centimeters of the distal end of that tube. Though aware of the stump remaining of Wasdin's left fallopian tube, the physicians did nothing to occlude that tube. Wasdin became pregnant and bore a fourth healthy child.

Wasdin had a third physician, Dr. Dohn, perform a hysterectomy on her to prevent further pregnancies. Prior to performing that procedure, Dr. Dohn performed a chromopertubation by injecting dye into Wasdin's uterus to determine if either of the fallopian tubes was open. He witnessed that dye freely spilled from the stump of her left fallopian tube but none leaked from her right fallopian tube. Dr. Dohn opined that the fourth pregnancy occurred when an egg transmigrated from the right ovary and was communicated through the open left fallopian tube into the uterus.

Testifying as an expert witness, Dr. Dohn stated in an affidavit that Drs. Dede and Mager acted negligently when during the second sterilization procedure, they failed to take action to ensure the stump of the left fallopian tube was occluded. He opined that since the right fallopian tube had previously been cauterized during the first sterilization procedure, and since a pregnancy resulting in the third child

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

had nevertheless occurred, the standard of medical care required a physician to also focus on and cauterize the left fallopian tube during the second sterilization to ensure that the remaining stump could not facilitate a pregnancy. Since his tests showed that the pregnancy resulted from the open left fallopian tube, this negligence caused the pregnancy that produced the fourth child.

Attaching Dr. Dohn's affidavit to their complaint, Wasdin and her husband sued Drs. Dede and Mager for medical malpractice, seeking to recover for damages associated with the birth of their fourth child and also to recover for their mental distress arising out of the economic pressures of raising a fourth child. Following a period of discovery, Drs. Dede and Mager both moved for summary judgment on the entire complaint, arguing that Dr. Dohn's testimony did not establish proximate cause. They also moved for partial summary judgment on the claim for mental distress damages caused by the economic pressures of raising a fourth child.

Regarding the partial summary judgment motion, the court held that damages associated with raising the child were not recoverable and therefore granted that motion. The plaintiffs appeal this grant of partial summary judgment in Case No. A05A1562. Regarding the argument on proximate cause, the trial court held that Dr. Dohn's testimony sufficiently established proximate cause and therefore denied that portion of the motion. Dr. Mager (not joined by Dr. Dede) cross-appeals this denial in Case No. A05A1563.

## Case No. A05A1562

1. Georgia recognizes a medical malpractice claim for wrongful pregnancy caused by negligent sterilization. *Fulton-DeKalb Hosp. Auth. v. Graves*.[3] Damages for such an action include expenses for the unsuccessful medical procedure which led to the pregnancy, pain and suffering, medical complications, costs of delivery, lost wages, and loss of consortium. Id. at 443 (2). However, "the cost of raising a child cannot be recovered." Id. at 444 (3). See *Etkind v. Suarez*[4] ("wrongful pregnancy will not authorize a recovery of the expenses of raising the child"). The rationale is that, "given the values cherished by our society, a parent cannot be said to have suffered an injury in the birth of a child." *Graves*, supra at 444 (3).

Wasdin seeks to circumvent this rule by seeking to recover not the expenses of raising her fourth child, but rather to recover for the mental distress caused by the expenses of raising the child. We have

[3] *Fulton-DeKalb Hosp. Auth. v. Graves*, 252 Ga. 441, 443 (1) (314 SE2d 653) (1984).
[4] *Etkind v. Suarez*, 271 Ga. 352, 355 (3) (519 SE2d 210) (1999).

previously rejected such a backdoor approach. In *Blash v. Glisson*,[5] which involved a wrongful pregnancy claim arising out of negligent sterilization, the parents asserted not only a claim for the cost of raising the child, but also a claim on behalf of their other children for damages arising from those children having to share the family income with another individual. Finding no meaningful distinction between this claim and the parents' disallowed claim for the cost of rearing the child, we reasoned that the siblings' claim was simply the way in which the increased expense of raising another child would affect the older children. Id. at 104 (2).

Similarly, Wasdin's claim here for the mental distress caused by the cost of raising the fourth child is simply a way in which the increased expense of raising that child will affect the parents. We reject the claim for the same reasons set forth in *Blash*. Accordingly, we affirm the grant of partial summary judgment on this claim for damages.

## Case No. A05A1563

2. Dr. Mager argues that the court should have granted summary judgment on all claims on the ground that the expert testimony of Dr. Dohn did not establish proximate cause. We disagree.

Holding that "[p]roximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred," *Zwiren v. Thompson*[6] emphasized that "[w]hat amounts to proximate cause is undeniably a jury question" (except in plain and palpable cases). (Punctuation omitted.) Because of the specialized knowledge involved, *Zwiren* concluded that in a medical malpractice action, the plaintiff must use expert testimony to establish proximate cause. Id. at 500. *Zwiren* then synthesized what the expert must say:

The appellate decisions state that the expert testimony must provide a causal connection that is more than mere chance or speculation; that it must provide more than a mere or bare possibility that the alleged negligence caused the plaintiff's injury. . . . Instead of speaking in terms of possibilities, the expert's testimony must show as an evidentiary threshold that the expert's opinion regarding causation is based, at the least, on the determination that there was a reasonable probability that the negligence caused the injury. . . . The

[5] *Blash v. Glisson*, 173 Ga. App. 104 (325 SE2d 607) (1984).

[6] *Zwiren v. Thompson*, 276 Ga. 498, 500 (578 SE2d 862) (2003).

expert also meets this requirement by stating that the only apparent cause of the plaintiff's injury was the defendant's action.

(Citations and punctuation omitted.) Id. at 501.

Here Dr. Dohn testified by affidavit that based on (a) the defendant physicians' failure to inspect or treat the open left fallopian tube during the second sterilization and (b) the results of his dye test showing dye freely spilling from the left fallopian tube but not from the right, the defendant physicians failed to exercise the standard of care needed to treat Wasdin, which "proximately caused Plaintiff to experience a second unplanned pregnancy and the birth of a fourth child." He affirmed this testimony in his deposition, testifying — within a reasonable degree of medical probability — that the pregnancy occurred, not through the completely occluded right tube, but through the open left tube as a result of the physicians not cauterizing this tube during the second sterilization, and that had the physicians addressed the left fallopian tube, "she wouldn't have had a fourth child." On cross-examination, he repeated "to a reasonable degree of medical certainty that the failure to cauterize the left tube increased the risk of [Wasdin] becoming pregnant," which risk he described as "a lot higher."

Dr. Dohn's testimony, much of which was couched in terms of reasonable medical probabilities and certainties, sufficed to show that the defendant physicians' alleged negligence proximately caused the pregnancy at issue. Dr. Mager's arguments regarding additional statements Dr. Dohn made on cross-examination about probabilities are better made to a jury, not to an appellate court considering a summary judgment order. The trial court did not err in denying Dr. Mager's motion for summary judgment on this issue.

*Judgments affirmed. Miller and Bernes, JJ., concur.*

---

Decided August 3, 2005 — ■■■■■■■■

*Gordon & Hires, Raymond S. Gordon, Jr., W. Jefferson Hires, Jerry W. Caldwell*, for Wasdin et al.

*Bouhan, Williams & Levy, Carlton E. Joyce, Frank W. Seiler, Brennan & Wasden, Joseph P. Brennan*, for Mager et al.