## A94A0496. SIMMONS v. DEPARTMENT OF HUMAN RESOURCES et al.

(443 SE2d 654)

BIRDSONG, Presiding Judge.

David Edward Simmons, Sr., individually and b/n/f of Theresa Marie Simmons, a deceased minor, appeals from the grant of summary judgment to the Georgia Department of Human Resources ("DHR"), DHR Commissioner James G. Ledbetter, Douglas G. Greenwell, Margaret Ward, Jim Newton, Kay Anderson, Jane Sales, Jennie Williams, John Does, and Mary Does. Simmons filed a wrongful death action against appellees based on the murder of his teenage daughter, Theresa Marie Simmons, after she ran away from a group home in which she was placed by the Department of Family & Children Services ("DFCS") in Cobb County.

The record shows Theresa was placed in DFCS custody because of allegations of physical abuse. After several months Theresa and another teenage girl ran away from the home, and a short time later, the girls met and went away with two teenage boys who had no connection with the group home. The girls and the boys stayed for a while at the home of one of the boy's grandparents until the other girl and the two boys murdered Theresa. Subsequently, all three were convicted of Theresa's murder and sentenced to life in prison.

After appellant filed this action, appellees moved for summary judgment contending they were not liable because no act or omission attributable to them caused Theresa's death and her death was the result of an unforeseeable intervening criminal act. Subsequently, the trial court granted summary judgment because, as a matter of law, there was no foreseeability and no causation. Appellant contends the lower court improperly granted summary judgment because genuine issues of material fact exist which should be submitted to a jury. *Held*:

1. Pretermitting whether Theresa was negligently placed in the group home and whether she was negligently supervised while at the home, neither Theresa's placement nor the supervision at the home caused her death. Instead, the record shows that Theresa's death, six days after she voluntarily ran away from the group home, was caused by the criminal acts of three people with whom she voluntarily elected to associate and who later murdered her. Accordingly, the record shows no causal connection between any alleged negligence of the appellees and Theresa's death. *Western Stone &c. Corp. v. Jones*, 180 Ga. App. 79, 80-81 (348 SE2d 478).

Moreover, under the law of this state an unforeseeable independent, intervening criminal act of a third person which produced the injury complained of, and without which act the injury would not have occurred, is treated as the proximate cause of the injury, and the

independent, intervening criminal act of the third person shall insulate and exclude any negligence on the part of the defendant. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 67 (397 SE2d 576); *Warner v. Arnold*, 133 Ga. App. 174, 176 (210 SE2d 350). In this appeal Simmons has identified no evidence to suggest that Theresa's murder should have been foreseeable. Further, given the differences between Theresa and the victim in *Wallace v. Boys Club of Albany*, 211 Ga. App. 534 (439 SE2d 746), cert. granted, and the degree of care involved, we find *Wallace* distinguishable on the issue of foreseeability.

2. Accordingly, we find that the appellees met their burdens under OCGA § 9-11-56 (c) by establishing that there was no evidence to create jury issues on these essential elements of Simmons' case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Further, while causation and foreseeability are generally issues for the jury, in cases such as this one, summary judgment is appropriate. Id. at 493; *Strickland v. DeKalb Hosp. Auth.*, supra at 68. Accordingly, the trial court did not err by granting summary judgment to appellees.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — 

*Carr & Kessler, James C. Carr, Jr., Nicholas E. Bakatsas*, for appellant.

*Michael J. Bowers, Attorney General, Mary F. Russell, William C. Joy, Senior Assistant Attorneys General*, for appellees.