## A00A0311. AMOS et al. v. CITY OF BUTLER.
### (529 SE2d 420)

ELDRIDGE, Judge.

William, Jayne, and Laura Amos, partners in Amos Investments, owned a house at 602 East Main Street in Butler and sought to recover damages from the City of Butler for water damage to the property, which resulted when the City turned the water back on at the meter without giving them notice. The plaintiffs had turned the water to the house off at the meter, because they suspected a leaky faucet in the house and did not have time to fix it. The City replaced the water meters in the area and replaced the plaintiffs' meter as well, turning the water back on to the house when the replacement was finished. There was no leaky faucet, but a leaky pipe, which later burst, flooding the property. The question presented is did the City breach any duty by turning the water back on without notice to the plaintiffs? The trial court did not err in granting summary judgment.

In spring 1996, Jayne Amos discovered dampness under the kitchen sink. Amos called Scott Stalnaker, her handyman, and he came to inspect. Stalnaker found dampness under the kitchen cabinet and turned the water to the house off at the meter until he could make repairs. Neither Amos nor Stalnaker notified the City of Butler that the water had been cut off to prevent a leak and was to remain off until further notice.

In early June 1996, the City of Butler Water Department began replacing water meters in the area and replaced the meter at the Amos property. The City employees did not notify the plaintiffs that the meter had been replaced and that the water had been turned back on by City employees. The City of Butler has an ordinance that states "[u]nder normal conditions the consumer will be notified of any anticipated interruptions of service by the City of Butler." In 1980, the City of Butler passed an ordinance requiring each residence to have a water shut-off valve secondary to the meter shut-off valve. The testimony of the City employees conflicted as to whether they turned the water back on after replacing the meter.

On June 14, 1996, Jayne Amos visited the property and found that it was flooded; that the water had been turned on at the meter; and that a pipe had burst. Neither Stalnaker nor the plaintiffs had turned the water back on at the meter. Over 90,000 gallons of water had flooded the house since the meter had been changed.

1. The plaintiffs' first enumeration of error is that the trial court erred in finding "that no issue as to any material fact existed regarding the [plaintiffs'] allegations of the City's actions and negligence." We find that the City of Butler violated no duty to the plaintiffs in cutting the water on without notice to them.

> To state a cause of action for negligence in Georgia, the following elements are essential: "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Lee Street Auto Sales v. Warren*, 102 Ga. App. 345 (1) (116 SE2d 243) (1960).

*Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Negligence consists of exposing someone to whom a duty of care is owed to a foreseeable, unreasonable probability of harm. Foresight requires the ability to anticipate a risk of harm from the conduct in some form. See *Ellington v. Tolar Constr. Co.*, 237 Ga. 235 (227 SE2d 336) (1976). Thus, the legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct. See *Landis v. Rockdale County*, 206 Ga. App. 876 (427 SE2d 286) (1992). Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible. *Brogdon v. Wal-Mart Stores*, 230 Ga. App. 474 (496 SE2d 499) (1998). "No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed to the plaintiff." (Citations and punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

In this case, the City of Butler was under a duty to furnish water to the plaintiffs at this house through the City's meter, so long as they paid their water bill. The City had no reason to foresee that the plaintiffs had a water leak in their house or that they had not installed a secondary shut-off valve in compliance with the City ordinance. When the City installed a new water meter and cut the water flow back on, therefore, it had no reason to reasonably foresee that normal water service to the plaintiffs posed any risk of harm to either person or property and performed the duty owed to the plaintiffs, because providing water constituted the exercise of the City's

duty. It was under no duty to anticipate the consequences of the normal furnishing of water to the plaintiffs.

The plaintiffs contend that the City of Butler was under a duty to give them notice of the disruption of water services, which notice would have allowed them to act to discover the leak, fix the leak, or prevent the water from being cut back on to the house after the meter was replaced. The ordinance, however, imposed no mandatory duty on the City but, instead, constituted a directory act for the convenience of the customer, because notice did not have to be given in all cases. See *McLendon v. Everett*, 205 Ga. 713 (55 SE2d 119) (1949); *Donaldson v. Dept. of Transp.*, 236 Ga. App. 411 (511 SE2d 210) (1999). The failure to provide notice did not constitute negligence per se, establishing a standard of ordinary care, because the ordinance was not intended for the protection of the customer, only their convenience. See *Central Anesthesia Assoc., P.C. v. Worthy*, 173 Ga. App. 150 (325 SE2d 819) (1984), aff'd, 254 Ga. 728 (333 SE2d 829) (1985).

2. Plaintiffs' second enumeration regarding sovereign immunity of the City of Butler has been rendered moot by Division 1.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 2000 —
RECONSIDERATION DENIED FEBRUARY 24, 2000 — 

*Sell & Melton, Robert D. McCullers, Kevin T. Brown*, for appellants.

*Chambless, Higdon & Carson, Thomas F. Richardson, John J. Makowski*, for appellee.