## A02A1897. DAVIS v. BLOCKBUSTER, INC.

(575 SE2d 1)

BLACKBURN, Chief Judge.

Wanda Davis appeals the trial court's grant of partial summary judgment to Blockbuster, Inc. in her tort action, arguing that the trial court erred in finding as a matter of law that (1) Blockbuster owed no duty to Davis to screen each and every video in its entirety each and every time that video is returned to it, and (2) her claims were barred by application of the "impact rule." After discovering that a videotape which she had purchased from Blockbuster, Inc. ("Blockbuster") for her four-year-old daughter contained explicit pornographic material, Davis filed suit against Blockbuster, alleging breach of contract, breach of warranty, negligence, and negligent infliction of emotional distress. She dismissed her breach of contract and warranty claims, following the trial court's grant of summary judgment to Blockbuster on all other claims. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

clusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the evidence is that Davis and her four-year-old daughter purchased three videos from Blockbuster, one of which was labeled as a PG-rated children's movie and was selected by her daughter. When Davis and her daughter arrived home, Davis started the children's videotape for her daughter and then went to the kitchen to prepare dinner. Fifteen minutes later, when Davis heard her daughter crying, she went to the television room. On the screen were images of explicit pornography. It is undisputed that Blockbuster had no knowledge of the contents of the tape.

Davis filed suit against Blockbuster, alleging claims for breach of contract, breach of express and implied warranty, negligence, negligent infliction of emotional distress, punitive damages, and expenses of litigation. Blockbuster filed a motion for partial summary judgment on all claims except the breach of contract and warranty claims. The trial court granted the motion. When the trial court refused to certify the issues for immediate review, Davis dismissed her remaining claims and filed a notice of appeal to this Court.

1. In her first enumeration of error, Davis contends that the trial court erred in granting Blockbuster's motion for summary judgment on the ground that Blockbuster violated no duty owed to her when it sold to her a videotape, marked and packaged as a children's film, which in fact contained pornographic material of which Blockbuster was not aware. We find no error.

The trial court's excellent order correctly addresses Davis's argument, and we adopt and set it out, in pertinent part and as supplemented, as our own.

> To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage . . . from the breach.

*Shortnacy v. North Atlanta Internal Medicine.*[2] In other words,

> [n]egligence consists of exposing someone to whom a duty of care is owed to a foreseeable, unreasonable probability of

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[2] *Shortnacy v. North Atlanta Internal Medicine*, 252 Ga. App. 321, 325 (2) (556 SE2d 209) (2001).

harm. Foresight requires the ability to anticipate a risk of harm from the conduct in some form. Thus, the legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct. Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible. "No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed to the plaintiff."

(Citations omitted.) *Amos v. City of Butler*.[3]

For these reasons, "[t]he mere occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. A plaintiff must come forward with specific facts establishing a breach of duty, as well as the other elements of negligence, and may not rest upon generalized allegations." (Citations omitted.) *Shortnacy*, supra at 325 (2).

In this case, any injuries sustained by Davis's daughter were directly caused by the criminal act of an unknown third party who recorded explicit pornographic material on the Blockbuster children's videotape.[4]

Generally, an intervening criminal act of a third party, without which the injury would not have occurred, will also be treated as the proximate cause of the injury thus breaking the causal connection between the defendants' negligence and the injury unless the criminal act was a reasonably foreseeable consequence of the defendants' conduct.

*Wright v. Ashe*.[5] Given the intervening criminal act of the third party, the question is whether that criminal act was a reasonably foreseeable consequence of Blockbuster's conduct.

In its order, the trial court stated:

Plaintiffs have neither offered nor presented before this Court any evidence whatsoever that this type of criminal

---

[3] *Amos v. City of Butler*, 242 Ga. App. 505, 506 (1) (529 SE2d 420) (2000).

[4] As the trial court pointed out, the third party who damaged the tape was in violation of OCGA § 16-7-21 (a). That statute provides: "A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person."

[5] *Wright v. Ashe*, 220 Ga. App. 91, 94 (469 SE2d 268) (1996).

action could have been reasonably anticipated by the Defendant. On the contrary, the only evidence before the Court is that Defendant had no reason to know, believe, or suspect that the content or subject matter contained on the Video was anything other than the movie that was identified on the label of the Video. There is no evidence that an agent and/or employee of the Defendant adulterated the Video. There is no allegation or evidence before the Court that the Defendant had actual or constructive notice that the alteration of videotapes was a problem and ignored that fact. There is no allegation or evidence before the Court that the Defendant should have been able to tell that the Video had been altered based upon its physical appearance.

We have reviewed the record and have found nothing which contradicts the trial court's conclusion that the intervening criminal act of the third party in this case was not reasonably foreseeable. We thus find that Blockbuster met its burden under OCGA § 9-11-56 (c) by establishing that there was no evidence to create jury issues on the essential elements of Davis's case. *Simmons v. Dept. of Human Resources.*[6] "Further, while causation and foreseeability are generally issues for the jury, in cases such as this one, summary judgment is appropriate. Accordingly, the trial court did not err by granting summary judgment to [Blockbuster]." (Citations omitted.) Id.

2. Davis also contends that the trial court erred in also finding that her claims were barred by application of the "impact rule." Our holding in Division 1 renders this argument moot.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Davis contends that summary judgment should not have been granted to Blockbuster because the videotape sold to her was labeled "unconditionally guaranteed." Specifically, Davis argues that Blockbuster breached its contract with her as well as both express and implied warranties. In the proceedings below, however, Davis voluntarily dismissed Count 2 of her complaint in which she originally brought these claims, and the trial court never ruled on these issues. As such, Davis has waived any right to raise these claims for the first time here. "An appellant cannot travel on one ground below, find the wind blowing in another

---

[6] *Simmons v. Dept. of Human Resources*, 213 Ga. App. 98, 99 (2) (443 SE2d 654) (1994).

direction, change tack, and head elsewhere on appeal." *Boggs v. Madison County*.[7]

*Motion for reconsideration denied.*

DECIDED OCTOBER 17, 2002 —
RECONSIDERATION DENIED DECEMBER 4, 2002

*Lloyd N. Bell*, for appellant.

*Austin & Sparks, Alfred L. Evans III, Matthew J. Jewell*, for appellee.

---

[7] *Boggs v. Madison County*, 240 Ga. App. 849, 852 (524 SE2d 252) (1999).