**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3544
_____

MARCOS SANTIAGO,

Appellant

v.

LIEUTENANT KEITH FIELDS;
KEITH HAMPTON, Officer;
PATRICK HENDERSON, Officer;
C. HEMMINGS, Officer;
S. MORELLO, Officer

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-05-cv-04884)
Magistrate Judge: Honorable Timothy R. Rice

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2012
Before: SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: July 26, 2012)
_____

OPINION
_____

PER CURIAM

In January 2006, Santiago commenced a <u>Bivens</u>[1] action against several corrections officers at the Federal Detention Center in Philadelphia, Pennsylvania, where he was incarcerated.  Santiago claimed that, in March 2005, he had been sitting alone in his cell in shackles when Lieutenant Keith Fields burst into the cell and kicked, punched, and choked him.  According to Santiago, three other corrections officers—Keith Hampton, Patrick Henderson, and Carl Hemmings—joined in the attack by either holding him down or watching without intervening.[2]  Santiago claimed that the defendants' actions during this incident amounted to excessive force in violation of his rights under the Eighth Amendment.  Santiago was eventually appointed counsel and the matter proceeded to trial.  After four days of testimony, the jury returned a verdict in favor of the defendants.  This appeal followed.[3]

On appeal, Santiago, who is proceeding pro se, first argues that the jury held him to the wrong burden of proof.  Santiago explains that, after the trial was completed, the Magistrate Judge welcomed the attorneys to stay behind and hear feedback from the jurors about their advocacy skills.  During this discussion, the juror who had served as the foreperson allegedly approached Santiago's attorney and said: "You did everything you could with what you had to work with.  You just didn't have much to work with.  The

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] Although Santiago initially alleged that a fifth officer, Stacie Griffiths (formerly Morello), was involved in the attack, he later stipulated to the dismissal of the claim against her.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

malicious and sadistic standard is very high." (Appellant's Br., Exh. A, at p. 1.)  Based on this comment from the foreperson, Santiago now argues that the jury held him to a burden of proof higher than the appropriate preponderance-of-the-evidence standard. Santiago insists that, if the evidence had been viewed under the proper preponderance standard, he "more than met [his] burden." (Appellant's Br., at p. 19.)

Contrary to Santiago's contention, however, nothing in the record suggests that the jury held him to the wrong burden of proof.  At the end of the trial, the District Court properly instructed the jury that Santiago was required to prove his claim by a preponderance of the evidence.  (Trial Tr., 8/19/09, at pp. 20-21.)  The District Court advised the jurors to imagine a scale and place all of the evidence favorable to Santiago on one side, and all of the evidence favorable to the defense on the other, and instructed the jurors that, "[i]f, after considering all the evidence, the scales tip even slightly to [Santiago's] side, then you must find for [Santiago]." (Id. at p. 21.)  The District Court also emphasized that the stricter "proof-beyond-a-reasonable-doubt" standard does not apply in civil cases.  (Id.)  In addition, the interrogatories presented on the verdict sheet asked the jury whether it "unanimously [found] by a preponderance of the evidence" that the defendants applied excessive force to Santiago.  (Id. at pp. 76-77.)  Under these circumstances, there is no basis to conclude that the jury failed to apply the law properly. Although Santiago believes that the foreperson's comment regarding the "malicious and sadistic standard"—the standard governing Eighth Amendment excessive-force claims, see Whitley v. Albers, 475 U.S. 312, 320-21 (1986) —demonstrates that the jury confused that standard with the standard for his burden of proof, there is no reason to

3

make this inference; instead, the foreperson was most likely simply stating that Santiago failed to show that the defendants used excessive force.

Santiago also argues that the jury failed to properly apply the law governing excessive-force claims to the evidence because "it's clear that, according to [his] version of the events in question, the defendants did use excessive force against [him.]" (Appellant's Br. at p. 22.) Furthermore, Santiago contends, "[i]f [his] version of the events in question [is] accepted as true, then it cannot be doubted that the jury failed to perform [its] duties fairly and impartially." (Id. at p. 35.) For these reasons, Santiago asks us to grant him a new trial.

In making these arguments, Santiago appears to misunderstand the role of the jury and of this Court. The jury acted within its authority in finding that the evidence did not support Santiago's version of events; in the absence of any specific legal error, Santiago's disagreement with the jury verdict is not grounds for a new trial. Furthermore, to the extent that Santiago may be arguing that the verdict was against the weight of the evidence, we note that he did not preserve this claim for appellate review because he did not present it to the District Court in a motion for a new trial. See Pennington v. Western Atlas, Inc., 202 F.3d 902, 911 (6th Cir. 2000); Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999); see also Ross v. Hotel Emps. & Rest. Emps. Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001) (acknowledging that claims not raised at trial level are generally waived for purposes of appeal). In any event, we have reviewed the record, and find no basis for granting the extraordinary relief Santiago requests. Accordingly, we will not disturb the jury's verdict.

For these reasons, we will affirm.[4]

---

[4] Santiago's "Motion to Decide the Merits of Plaintiff's Brief Without Considering Any of the Defendants' Objections to it Due to Untimeliness on Their Part in Filing Their Reply Brief" is denied.