**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 3, 2023**

# In the Court of Appeals of Georgia

A23A0986. WHITE v. STANLEY et al.

DILLARD, Presiding Judge.

Rhonda White appeals a jury verdict in favor of Kelli Stanley[1] and Jason Cartee in her negligence action against them arising from an automobile accident. Specifically, White argues the trial court's jury instruction on the preponderance-of-the-evidence standard applicable in civil cases was an incorrect statement of law that requires a new trial of this case. For the following reasons, we affirm.[2]

---

[1] Stanley married prior to trial, and she is referred to as Kelli Hunter in the trial transcript. Even so, we refer to her—as the parties do in their briefs—by the name she had when this litigation was initiated.

[2] Oral argument was held in this appeal on June 21, 2023, and is archived on this Court's website. *See* Court of Appeals of the State of Georgia, Oral Argument, Case No. A23A0986. (June 21, 2023), available at https://vimeo.com/839732790.

Viewed in the light most favorable to Stanley and Cartee,[3] the record shows that on May 4, 2017, on her drive home from taking her husband to work, White saw a bicyclist—later identified as Cartee—on the shoulder of the side of the road opposite hers. And right after that, Stanley was driving around a curve in the opposite direction of White when she saw Cartee in the road in front of her, which caused her to immediately slam on the brakes and swerve into oncoming traffic. As Stanley did so, she collided with one vehicle before crashing into White's car. Two witnesses at the scene reported to law enforcement that the "bicyclist caused the accident[,] but he left the scene."

While all three drivers complained of injuries, only White was transported to the hospital. Once there, the doctor took x-rays to determine if she had any injuries, and he did not "find anything in particular that day." But later, White sought treatment from a chiropractor, who determined she had issues with her neck and back; and White believed she had stiffness in those areas due to the "stress and the impact of the hit . . . ."

---

[3] *See Am. Infoage, LLC v. Only Sol. Software, LLC*, 362 Ga. App. 706, 707 (870 SE2d 47) (2022) ("Following a jury verdict, we view the evidence in the light most favorable to the prevailing party." (punctuation omitted)).

Eventually, White filed a negligence action against Stanley and Cartee, alleging their actions either completely or partially caused the accident, which resulted in her injuries. The case then proceeded to trial, after which the jury entered a verdict in favor of Stanley and Cartee. This appeal by White follows.

White argues the trial court's jury instruction regarding the preponderance-of-the-evidence standard was inaccurate and misleading; and as a result, she asks us to direct the trial court to grant her a new trial. And although we agree with White that the challenged instruction was erroneous, she is, nevertheless, not entitled to a new trial on this ground.

We review *de novo* an allegedly erroneous jury instruction, which is "a legal question."[4] And in assessing the assertion of an erroneous jury instruction, the

---

[4] *Wright v. State*, 365 Ga. App. 288, 289 (1) (878 SE2d 137) (2022) (punctuation omitted); *accord Johnson v. State*, 323 Ga. App. 65, 68 (2) (744 SE2d 921) (2013); *see Walker v. State*, 311 Ga. 719, 722 (2) (859 SE2d 25) (2021) ("Whether the evidence was sufficient to warrant the requested instruction is a legal question, which we review *de novo*." (punctuation omitted)). The parties dispute whether White adequately objected to the jury instruction at issue. And when a party fails to do so, we review the challenged instruction only for plain error. *See Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012) (holding that OCGA § 17-8-58 (b) requires an appellate court to review for plain error an alleged jury-instruction error to which no objection was raised at trial). Here, White objected to the instruction on the preponderance-of-the-evidence standard in writing prior to trial and then again during the charge conference at the close of trial. Stanley and Cartee contend these objections were inadequate

instruction "must be evaluated in the context of the trial court's jury instructions as a whole."[5] Indeed, the only requirement regarding jury charges is that they were, as given, "correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence."[6] Additionally, and importantly, an erroneous charge "does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the jury instructions must be considered."[7] That said, we have held that "erroneous

because White did not object to the jury charge regarding her burden of proof when the court gave preliminary charges at the outset of trial. But importantly, OCGA § 5-5-24 provides: "Except as otherwise provided in this Code section, in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto *before the jury returns its verdict . . . .*" (emphasis supplied). And because it is undisputed that White objected to the court's jury charge regarding her evidentiary burden of proof twice before the jury returned its verdict, we review the challenged jury charge *de novo*.

[5] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *see Walker*, 311 Ga. at 724 (3) ("When we are presented with a claim that a particular instruction is misleading, we do not evaluate jury charges in isolation, but rather consider them as a whole to determine whether there is a reasonable likelihood the jury improperly applied a challenged instruction." (punctuation omitted); *Fassnacht v. Moler*, 358 Ga. App. 463, 475 (1) (b) (855 SE2d 692) (2021) (explaining that jury charges and recharges must be read as a whole).

[6] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *accord Pye v. State*, 322 Ga. App. 125, 129 (2) (742 SE2d 770) (2013).

[7] *Wright*, 365 Ga. App. at 289 (1) (punctuation omitted); *accord Williams v. State*, 267 Ga. 771, 773 (2) (a) (482 SE2d 288) (1997); *Mubarak v. State*, 305 Ga. App.

charges are presumed to be prejudicial and harmful, but this is not conclusive because the presumption of harm which arises from a charging error may be overcome by a review of the record as a whole."[8].

1. White contends the trial court's jury instruction regarding the challenged preponderance-of-the-evidence standard was erroneous and misleading.

In civil cases, a plaintiff must "prove liability (i.e., duty, negligence, proximate cause) by a preponderance of the evidence"[9]—*i.e.*, evidence showing that "something is more likely true than not."[10] And here, over White's objection, the trial court gave

---

419, 421 (2) (699 SE2d 788) (2010).

[8] *Payne v. Thompson*, 234 Ga. App. 533, 533 (507 SE2d 257) (1998) (punctuation omitted); *see Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988) ("When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this [C]ourt will so hold unless it appears from the entire record that the error is harmless." (punctuation omitted)); *Thomas v. Emory Clinic, Inc.*, 321 Ga. App. 457, 461 (1) (d) (739 SE2d 138) (2013) ("[E]rror is presumed hurtful unless it appears to have had no effect upon the result of the trial." (punctuation omitted)).

[9] *Zwiren v. Thompson*, 276 Ga. 498, 499 (578 SE2d 862) (2003) (punctuation omitted); *accord Knight v. Roberts*, 316 Ga. App. 599, 603-04 (1) (730 SE2d 78) (2012).

[10] *White v. State*, 307 Ga. 601, 607 (3) (b) (837 SE2d 838) (2020); *see Redmon v. Daniel*, 335 Ga. App. 159, 162 (779 SE2d 778) (2015) ("A 'preponderance of the evidence . . .' simply requires that the evidence show a rational factfinder that a particular fact is more likely than not."); *In the Interest of Q. S.*, 310 Ga. App. 70, 78 (2) n.14 (712 SE2d 99) (2011) ("Under the preponderance standard, to sustain a

an instruction almost identical to Georgia's suggested pattern jury instruction on the preponderance-of-the-evidence standard applicable in civil cases:

> The plaintiff has the burden of proof, which means the plaintiff must prove whatever it takes to make his case, except for any admissions in the pleadings by the defendant. The plaintiff must prove his case by what is known as preponderance of the evidence; that is, evidence upon the issues involved, *while not enough to wholly free the mind from a reasonable doubt*, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other.[11]

---

finding that the assault caused the victim to suffer memory loss, the evidence . . . must show that the assault more likely than not played a substantial part in bringing about the memory loss." (emphasis omitted)).

[11] (Emphasis supplied). *See* Georgia Suggested Pattern Jury Instructions, Vol. I, 02.020 ("The plaintiff has the burden of proof, which means that the plaintiff must prove whatever it takes to make his/her case, except for any admissions (in pleadings) by the defendant. The plaintiff must prove his/her case by what is known as a preponderance of the evidence; that is, evidence upon the issues involved, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other."). Trial courts are not legally bound to use the exact language in Georgia's *suggested* pattern jury instructions when charging a jury. *See Bailey v. Edmundson*, 280 Ga. 528, 534 (7) (630 SE2d 396) (2006), *superceded by statute on other grounds* as acknowledged by *Chrysler Grp., LLC v. Walden*, 303 Ga. 358 (812 SE2d 244) (2018) ("There is no requirement that only verbatim pattern charges are permissible."); *Showers v. State*, 353 Ga. App. 754, 760 (2) (b) (ii) (839 SE2d 245) (2020) ("It is well-established that jury instructions do not need to track, exactly, the language of pattern jury instructions." (punctuation omitted)).

6

Relevant here, about 12 years ago, the General Assembly adopted our current evidence code, which applies in cases tried on or after January 1, 2013.[12] And under our prior evidence code (which is inapplicable in this case), "'preponderance of the evidence' [was] statutorily defined [under former OCGA § 24-1-1 (5)] as that superior weight of evidence upon the issues involved, which, *while not enough to free the mind wholly from a reasonable doubt*, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other."[13] But when the current evidence code became effective in 2013, it no longer included a statutory definition of the preponderance-of-the-evidence standard.[14] Needless to say, we must assume the General Assembly's decision to repeal the former evidence code's statutory definition of preponderance of the evidence was a matter of considered choice.[15]

---

[12] *See Olds v. State*, 299 Ga. 65, 69 (2) n.5 (786 SE2d 633) (2016) ("The new Evidence Code applies in cases tried on or after January 1, 2013.").

[13] *Zwiren*, 276 Ga. at 499 (punctuation omitted) (quoting former OCGA § 24-1-1 (5) (emphasis supplied)); *Knight*, 316 Ga. App. at 604 (1).

[14] *See State v. Pickens*, 330 Ga. App. 862, 863 (769 SE2d 594) (2015) ("The current evidence code, which is applicable to this case, does not define the meaning of 'preponderance of evidence' . . . .").

[15] *See Fair v. State*, 284 Ga. 165, 168 (2) (b) (664 SE2d 227) (2008) (noting that if the General Assembly wanted to "require knowledge of the victim's status as a

Importantly, in the preamble to the legislative act adopting the current evidence code, the General Assembly explained that in doing it sought "to revise, modernize, and reenact the general laws of this state relating to evidence while adopting, in large measure, the Federal Rules of Evidence."[16] Indeed, the Supreme Court of Georgia has

peace officer in order for the [statute] to apply, the statutory history shows that it knew how to do so. We must presume that its failure to do so was a matter of considered choice." (citation and punctuation omitted)); *Avila v. State*, 333 Ga. App. 66, 69-70 (775 SE2d 552) (2015) (noting that the General Assembly's use of the phrase "during the commission of the offense" in certain subsections of a criminal statute made clear that it knew how to specify that a disqualifying event must occur while the crime was in process, and that the subsection at issue did not include such a limitation); *Inland Paperboard & Packaging, Inc. v. Ga. Dep't. of Revenue*, 274 Ga. App. 101, 104 (616 SE2d 873) (2005) (noting that, if the General Assembly meant to include a particular exemption in a tax statute, the statutory history showed it knew how to do so). *Cf. Crum v. Jackson Nat'l Life Ins. Co.*, 315 Ga. 67, 77 (2) (c) (ii) (880 SE2d 205) (2022) ("Because the General Assembly repealed those statutes and chose *not* to reenact materially similar language, we cannot read the new statutes as having incorporated the body of decisional law that interpreted the old statutory language, at least not wholesale. . . . [When] the General Assembly, in a comprehensive effort, stitched together a new statutory scheme using only pieces of the extant body of decisional law on the subject—the most reasonable inference is that the legislature accepted the rules of decisional law that it codified and rejected those rules it did not." (citations omitted and emphasis supplied)); *see also* ANTONIN SCALIA & BRYAN A. GARNER, Reading Law: The Interpretation of Legal Texts § 40, p. 256 (1st ed. 2012) (noting that *statutory* history, unlike legislative history, forms "part of the context of the statute . . . So, a change in the language of the prior statute presumably connotes a change in meaning . . . .").

[16] *State v. Almanza*, 304 Ga. 553, 555-56 (2) (820 SE2d 1) (2018) (punctuation omitted), quoting Ga. L. 2011, pp. 99, 100 § 1.); *see also* Ronald L. Carlson & Michael

explained that "[m]any provisions of the new [e]vidence [c]ode were borrowed from the Federal Rules of Evidence, and when we consider the meaning of these provisions, we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit."[17] And because our General Assembly's *codified* intent in enacting

Scott Carlson, CARLSON ON EVIDENCE 130 (8th ed. 2023) ("By enacting its new evidence code, Georgia follows a long list of states and other jurisdictions which have modernized evidence codes by adopting, in large measure, the Federal Rules of Evidence. The first section of the legislation enacting these rules explicitly states that it was the [codified] intent of the General Assembly to adopt the Federal Rules of Evidence, consistent with the Constitution of Georgia."); ANTONIN SCALIA & BRYAN A. GARNER, Reading Law: The Interpretation of Legal Texts 218 (1st ed. 2012) (noting that "[s]ome courts and commentators have said that the prologue [i.e., preamble to a statute] cannot be invoked when the text is clear. This limitation is reasonable if it means that the prologue cannot give words and phrases of the dispositive text itself a meaning that they cannot bear. But the limitation is unreasonable and erroneous if it means that the prologue cannot be considered in determining which of various permissible meanings the dispositive text bears. If the prologue is indeed an appropriate guide to meaning, it ought to be considered along with all other factors in determining whether the instrument is clear. The factors undermining its reliability affect its weight, not its relevance").

[17] *Olds*, 299 Ga. at 69 (2); *accord Chrysler Grp., LLC v. Walden*, 303 Ga. 358, 361 (II) (A) (812 SE2d 244) (2018). Unlike Georgia's current suggested pattern jury instruction on preponderance of the evidence, the Eleventh Circuit's pattern jury instruction on this evidentiary standard is brief, straightforward, and similar to the instructions used by the Supreme Court of Georgia in *White*, as well as those contained in numerous federal decisions discussed throughout this opinion. Specifically, it provides: "A 'preponderance of the evidence' simply means an amount

the *current* evidence code was to, for the most part, model it after the Federal Rules of Evidence (which do not provide a definition of preponderance of the evidence), we agree with White that we must look to federal caselaw in determining Georgia's legal definition of this evidentiary standard.

In this regard, many federal courts—including the Supreme Court of the United States and the Eleventh Circuit—have explained that "[t]he burden of showing something by a 'preponderance of the evidence' . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . ."[18] And *after* our prior evidence code's statutory definition of preponderance of the evidence was repealed, the Supreme Court of Georgia provided a similar, straightforward, and brief definition of this evidentiary standard, holding that "[p]roof by a preponderance simply requires that the evidence show that something is more

of evidence that is enough to persuade you that [the plaintiff's] claim is more likely true than not true." Eleventh Circuit Pattern Jury Instruction 3.7.1. (emphasis omitted).

[18] *Concrete Pipe & Prod. of Cali., Inc. v. Constr. Laborers Pension Tr. for S. Cali.* 508 U.S. 602, 622 (1) (a) (113 SCt 2264, 124 LE2d 539) (1993) (punctuation omitted); *accord Stevedore Co. v. Rambo*, 521 U.S. 121, 137 (II) n.9 (117 SCt 1953, 138 LE2d 327) (1997); *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F3d 307, 313 (1) (1st Cir. 2016); *United States v. Almedina*, 686 F3d 1312, 1315 (III) (11th Cir. 2012); *United States v. Trainor*, 376 F3d 1325, 1331 (III) (A) (11th Cir. 2004).

likely true than not."[19] With these guiding principles and statutory backdrop in mind, we turn to White's claim of error.

White objects to the entire jury instruction at issue; and in doing so, primarily focuses on the trial court's reference to the reasonable-doubt burden of proof applicable in criminal cases and its somewhat vague statement that the plaintiff "must do whatever it takes to make his case." According to White, the court's instruction on her burden of proof suggested to the jury that a much higher burden than the preponderance-of-the-evidence standard applied. We agree.

Applying the definition of preponderance of the evidence provided by the Supreme Court of the United States (as well as the Supreme Court of Georgia's similar definition in *White*), we conclude the trial court's jury instruction was improper even though it tracked the language of *former* OCGA § 24-1-1 (5) and Georgia's *current* suggested pattern jury instruction. Significantly, the definitions of preponderance of the evidence provided by federal courts, as well as our Supreme Court, make no mention of the inapplicable and *much* higher reasonable-doubt burden

---

[19] *White*, 307 Ga. at 607 (3) (b).

11

of proof.[20] And at least one federal circuit's jury instruction on the burden of proof applicable to civil cases expressly (and helpfully) explains the difference between the civil and criminal burdens of proof, *emphasizing* that the familiar criminal reasonable-doubt standard does not apply in civil cases.[21]

---

[20] *See Life Ins. Co. of Ga. v. Lawler*, 211 Ga. 246, 251 (1) (85 SE2d 1) (1954) ("In a civil case the plaintiff is only required to show his right to prevail by a preponderance of the evidence; but in a criminal case, where a *greater strength* of mental conviction is held necessary to justify a verdict of guilty, the State must show the guilt of the accused to a moral and reasonable *certainty* and beyond a reasonable doubt." (emphasis supplied)); *see also supra* notes 10, 18-19 & accompanying text; *infra* n.27.

[21] *See Santiago v. Fields*, 490 F. App'x 479, 480 (3d Cir. 2012) (Per Curiam) (holding that the district court's jury instruction on the burden of proof in a civil case was proper when it "advised the jurors to imagine a scale and place all of the evidence favorable to [plaintiff] on one side, and all of the evidence favorable to the defense on the other, and instructed the jurors that, if, after considering all the evidence, the scales tip even *slightly* to [the plaintiff's] side, then you must find for [the plaintiff]][,] [and] . . . [the] [c]ourt also emphasizes that the stricter 'proof-beyond-a-reasonable-doubt' standard does *not* apply in civil cases" (punctuation and citations omitted) (emphasis supplied)). *Cf. United States v. Taylor*, 997 F2d 1551, 1556 (III) (D.C. Cir. 1993) (holding in a criminal case that a trial court's instruction on the reasonable-doubt burden of proof was proper when the court instructed the jury as follows: "[T]he government has the burden of proving the defendants guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases where you were told that it was only necessary to prove that a fact is more likely true than not true. We call that the preponderance of the evidence. In criminal cases, the government's proof must be *more powerful* than that; it must be beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt." (emphasis supplied)).

In stark contrast, the trial court's instruction drew the jury's attention to the reasonable-doubt standard without explaining the important differences between the civil and criminal standards of proof or making clear that the higher burden applied in criminal cases did *not* apply in this particular civil case.[22] Indeed, the trial court's lengthy explanation of the burden of proof applicable in civil cases bears almost no relation to the simple and straightforward definition of preponderance of the evidence provided by federal courts and our Supreme Court. Regardless, even if the trial court's instruction on preponderance of the evidence could somehow be forgivingly construed as a correct statement of law, its reference to a much higher burden of proof and failure to expressly instruct the jury that it did not apply in this case posed a significant risk of confusing or misleading the jury as to the applicable (and much lower) burden of proof. Suffice it to say, a request to charge, "although it contains a

---

[22] Although we are critical of the challenged instruction given by the trial court in this case, it is hard to find fault with the court for doing so. As previously noted, the trial court's instruction was nearly identical to the current suggested pattern jury instruction on preponderance of the evidence that somehow survived the repeal of our prior evidence code. Our criticism, then, is aimed squarely at the instruction itself, not the trial court.

correct abstract principle of law, is properly refused, where it may be misleading or confusing in its application to the facts of the particular case."[23]

Nevertheless, Stanley and Cartee contend the Supreme Court of Georgia approved of the language in former OCGA § 24-1-1 (5) because when it provided the simple and precise definition of preponderance of the evidence in *White v. State*[24] it cited *Zwiren v. Thompson*,[25] which was decided before our current evidence code was in effect. But in *Zwiren*, our Supreme Court did not substantively rule on whether the then-statutory definition of preponderance of the evidence was erroneous. Instead, the *Zwiren* Court merely referenced Georgia's pattern jury instruction on preponderance of the evidence in the context of considering whether any error in a *different* jury

---

[23] *Hagood v. State*, 5 Ga. App. 80, ___(62 SE 641) (1908) (syllabus by the Court) (punctuation omitted); *see Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997) ("If any portion of a requested charge is inapt, incorrect, *misleading, confusing,* not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." (punctuation omitted and emphasis supplied)); *Cont'l Rsch. Corp. v. Reeves*, 204 Ga. App. 120, 127 (3) (419 SE2d 48) (1992) ("The trial court does not err when it refuses to give a request for charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges given."), *superseded by statute on other grounds as recognized by Johns v. Suzuki Motor of Am., Inc.*, 310 Ga. 159 (850 SE2d 59) (2020).

[24] 307 Ga. 601 (837 SE2d 838) (2020).

[25] 276 Ga. 498 (578 SE2d 862) (2003)

14

instruction constituted reversible error.[26] Similarly, in *White*—which involved an

appeal from the defendant's sentence in a criminal case—our Supreme Court also did

not interpret or rule upon the repealed language in former OCGA § 24-1-1 (5).

Instead, the *White* Court merely explained that the State must prove "permanent

incorrigibility" only by a preponderance of the evidence;[27] and in doing so, held that

"[p]roof by a preponderance [of the evidence] simply requires that the evidence show

that something is more likely true than not," with a general citation to *Zwiren* but no

substantive discussion of that case or the language in OCGA § 24-1-1 (5).

Under the foregoing circumstances, we disagree with Stanley and Cartee's

contention that *White's* general, passing citation to *Zwiren*—after providing its brief,

easy-to-understand definition of preponderance of the evidence largely mirroring the

definition given by federal courts—constituted a substantive ruling that the language

contained in former OCGA § 24-1-1 (5) was still legally viable. Indeed, neither *White*

nor *Zwiren* ruled upon that issue and the statute has since been repealed. In sum, given

the unnecessary and confusing reference to the criminal (and much higher)

---

[26] *See id.* at 499-500.

[27] *See White*, 307 Ga. at 604-07 (3) (a)-(b).

reasonable-doubt standard of proof that bears no relation to the straightforward definitions of preponderance of the evidence provided by our Supreme Court and federal courts,[28] we agree with White that the trial court's instruction on preponderance-of-the-evidence standard was erroneous.

2. Next, White claims the trial court's erroneous jury charge on her burden of proof warrants a new trial. On this point, we disagree.

In Georgia, to show reversible error, there "must be harm as well as error."[29] And relevant here, the mere fact that an accident happened and the plaintiff may have sustained injuries or damages "affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident

---

[28] *See United States v. Watkins*, 10 F4th 1179, 1184 (11th Cir. 2021) ("The preponderance standard of proof is one of widespread and longstanding use. Its meaning is *simple, straightforward, and clear*. A preponderance of the evidence is evidence which is more convincing than the evidence offered in opposition to it." (punctuation and citations omitted) (emphasis supplied); *Greenwich Collieries v. Dir., Off. of Workers' Comp. Programs*, 990 F2d 730, 733 (II) (B) (1) (3d Cir. 1993) ("In most civil cases when a party bears the burden of persuading the factfinder that the existence of a fact is more likely than not . . . ."); *see infra* notes 10, 18-19 & accompanying text.

[29] *Monitronics Int'l, Inc. v. Veasley*, 323 Ga. App. 126, 141 (5) (746 SE2d 793) (2013) (punctuation omitted)); *accord Teems v. Bates*, 300 Ga. App. 70, 77 (2) (684 SE2d 662) (2009).

and damage were caused by specific acts of negligence on the part of that defendant."[30] In other words, a plaintiff cannot rest on "generalized allegations, but must come forward with specific facts establishing negligence."[31]

Importantly, when asked about the accident at trial, *White* expressly testified under oath that neither Stanley nor Cartee "did anything wrong." And given White's own admission to the jury that neither defendant committed any specific negligent act, it is highly unlikely the trial court's erroneous jury instruction on her burden of proof contributed to its verdict. As a result, she cannot establish that the erroneous instruction given by the trial court was harmful such that it constituted reversible error.[32]

---

[30] *Tuggle v. Helms*, 231 Ga. App. 899, 901-02 (2) (499 SE2d 365) (1998); *accord Hunsucker v. Belford*, 304 Ga. App. 200, 202 (1) (695 SE2d 405) (2010) (punctuation omitted)).

[31] *Tuggle* , 231 Ga. App. at 902 (2); *see Davis v. Blockbuster, Inc.*, 258 Ga. App. 677, 679 (1) (575 SE2d 1) (2002) ("A plaintiff must come forward with specific facts establishing a breach of duty, as well as the other elements of negligence, and may not rest upon generalized allegations." (punctuation omitted)).

[32] *See McCorkle v. Dep't of Transp.*, 257 Ga. App. 397, 404-05 (4) (571 S.E.2d 160 (2002) (holding that trial court's jury instruction that was erroneous as a matter of law was harmless when there was substantial evidence produced at trial to show defendant's liability); *Campbell v. Beak*, 256 Ga. App. 493, 497-98 (4) (568 SE2d 801) (2002) (holding that although trial court's charge was erroneous "the jury's verdict

17

For all these reasons, we affirm the jury's verdict in favor of Stanley and Cartee.

*Judgment affirmed. Rickman and Pipkin, JJ., concur.*

---

may stand because the evidence presented supports it under the correct standard"); *Johnston v. Woody*, 148 Ga. App. 152, 154 (2) (250 SE2d 873) (1978) (holding that trial court's failure to give a certain jury instruction was harmless when, *inter alia*, this Court was not "constrained to believe that the jury could have been led away by this one charge from the issues in the case").